SIERRA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-170-CR

HUGO ALEJANDRO SIERRA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION ON REHEARING

------------

After reconsidering our prior opinion on appellant’s motion for rehearing, we deny the motion, but we withdraw our September 30, 2004 opinion and judgment and substitute the following in their place.

INTRODUCTION

Hugo Alejandro Sierra appeals from his conviction for capital murder.  In eleven issues, appellant complains that the trial court erred (1) in overruling his motion to suppress appellant’s confession because it was obtained in violation of article 15.16 of the Texas Code of Criminal Procedure, in violation of article 38.23 of the Texas Code of Criminal Procedure, in violation of the Vienna Convention, and in violation of the state and federal constitutional protections against self incrimination; (2) in overruling appellant’s requested charge to the jury on the voluntariness of appellant’s statement; (3) in overruling appellant’s Texas Rule of Evidence 403 objection to the introduction of autopsy photographs; (4) in overruling appellant’s
 Batson
 challenge because all Hispanic male jurors were struck by the State; (5) in overruling appellant’s requested jury charge on accomplice testimony; (6) in overruling appellant’s Texas Rule of Evidence 403 objection to the playing of the 911 tape; (7) in overruling appellant’s motion for a mistrial because the emotional testimony of the murder victim’s widow violated Texas Rule of Evidence 403, the state and federal constitutions, and the code of criminal procedure; (8) in overruling appellant’s motion to declare the automatic life sentence for capital punishment as cruel and unusual punishment; and (9) by denying appellant the right to impeach Martin Esparza with a felony conviction from Mexico. 
 We affirm.

FACTS

On March 23, 2001, appellant, a Mexican national, borrowed a gun from his cousin and a white truck from his cousin’s roommate.  Appellant and Heliberto Chi planned to use the truck and gun to commit a robbery at the K & G Men’s store in Arlington, where Chi used to work. 

The next afternoon, appellant and Chi went to K & G and “stood around” inside talking to several of Chi’s former co-workers.  Appellant and Chi then went out to the parking lot to wait until closing time.

At around 8:45 p.m., Chi left appellant in the truck and went into the store saying that he had left his wallet there.  Chi told appellant that he would shoot people if necessary.  After pretending to look for his wallet with no luck, Chi acted as though he were leaving and walked toward the front of the store.  When he reached the front of the store, he pulled a gun on the three employees while appellant stayed in the parking lot in the truck with the engine running.   At one point, Chi demanded that the employees give him the deposit bag.  Armand Paliotta gave it to him, but then pushed Chi and ran toward the front of the store.  The two other employees, Gloria Chavez and Adrian Riojas, ran toward the warehouse.  First, Chi shot Paliotta, then he went after Riojas and shot him in the back.  Chi looked for Chavez, but did not find her because she was hiding in a clothes rack.  Paliotta died almost instantly, but Riojas and Chavez survived.

Appellant and Chi fled in the truck, and appellant eventually drove them back to his apartment.  There, they divided the money, and appellant left with $500.  The next day, appellant returned the truck to his cousin’s roommate and the gun to his cousin.  Two of the bullets from the gun were missing, and appellant told his cousin that he lost them. 

The police first suspected that appellant might be involved in the robbery and murder because Chi had dated appellant’s sister.  When searching for Chi, the police went to appellant’s apartment and arrested appellant on outstanding traffic tickets from Dallas County.  After his arrest, appellant signed a written confession regarding his involvement in the robbery and murder.  The jury found appellant guilty of capital murder, and the trial court sentenced him to life imprisonment.  

MOTION TO SUPPRESS

In his first three issues, appellant complains that the trial court erred in overruling appellant’s motion to suppress his confession to the police.

Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002);
 
Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. filed)
; Best,
 118 S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53. 

Background Facts
 
Relating to the Motion to Suppress

Police officers arrested appellant at his apartment in Dallas County for outstanding traffic tickets from Dallas County.  After the arrest, the police took him to the Arlington Police Department without first taking him to a magistrate in Dallas County.  At police department, appellant told the police that “he wanted to be honest, wanted to be truthful, wanted to talk.”  Before the police interrogated appellant, they read him his 
Miranda
 rights, and appellant initialed the 
Miranda
 warning card.  After about ten minutes of interrogation, appellant orally confessed to helping Chi commit the robbery and murder that took place at the K & G. 

Detective Tommy LeNoir asked appellant if he would reduce his oral confession to a written statement and appellant agreed.  But while writing his confession, appellant could not recall the exact name of the store or its address.  To make sure that appellant and the police were talking about the same offense, Detective LeNoir had appellant take him to the K & G Men’s Store in Arlington, where appellant confirmed that it was the correct store.  Back at the police station, appellant finished his written confession, edited it, and signed it.  The trial court admitted the confession into evidence at trial.  

Violation of the Code of Criminal Procedure

In his first issue, appellant complains that the trial court erred by denying his motion to suppress his confession because the police obtained the confession in violation of code of criminal procedure 15.16, which states that the person executing an arrest warrant shall without unnecessary delay take the arrested person before the magistrate who issued the warrant or is named in the warrant, if the magistrate is in the same county where the person is arrested.  
Tex. Code. Crim. Proc. Ann.
 art. 15.16 (Vernon 1977).  Texas Code of Criminal Procedure article 38.23 provides that evidence obtained in violation of the Texas and U.S. Constitutions or laws of the State of Texas shall not be admitted in evidence against the accused on the trial of any criminal case.  
Tex. Code. Crim. Proc. Ann.
 art. 38.23(a) (Vernon Supp. 2004-05).  However, evidence is not obtained in violation of law and is not subject to exclusion under the statutory exclusionary rule if there is no causal connection between the illegal conduct and the acquisition of the evidence.  
Gonzales v. State
, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002); 
Roquemore v. State
, 60 S.W.3d 862, 870 (Tex. Crim. App. 2001); 
Chavez v. State
, 9 S.W.3d 817, 820 (Tex. Crim. App. 2000).  Likewise, it is well-settled, however, that the failure to take an arrestee before a magistrate in a timely manner will not invalidate a confession unless there is proof of a causal connection between the delay and the confession.  
Cantu
, 842 S.W.2d at 680.  
Accordingly, the State contends that there was no causal connection between the alleged violation of article 15.16 and appellant’s confession. 

Here, appellant said he wanted to tell the truth about what had happened; the police read him his 
Miranda
 rights; appellant signed the
 Miranda
 warnings, indicating he received and understood his rights; appellant gave the police an oral confession within ten minutes of beginning the interrogation; and 
Miranda
 warnings were contained in the written confession that appellant also signed.  This evidence shows that appellant freely, knowingly, and voluntarily gave the police his confession and any delay in bringing appellant before a magistrate  had no causal connection to appellant’s statement.  We hold that the trial court did not abuse its discretion in denying appellant’s motion to suppress his confession on a violation of article 15.16 of the code of criminal procedure. 
 See Cantu
, 842 S.W.2d at 680; 
Childress v. State
,  312 S.W.2d 247, 250 (Tex. Crim. App. 1958) (holding confession made while under arrest is not inadmissible as a matter of law because officers failed to take accused before magistrate); 
Golemon v. State
, 247 S.W.2d 119, 124 (Tex. Crim. App.) (holding failure to bring the defendant before a magistrate does not render confession inadmissible on theory that such failure was a violation of the law), 
cert. denied
, 344 U.S. 847 (1952).  We overrule appellant’s first issue.

Vienna Convention

In his second issue, appellant argues that the trial court erred by denying his motion to suppress due to a violation of section 36 of the Vienna Convention.  Although appellant concedes that the Texas Court of Criminal Appeals’s decision in 
Rocha v. State
 controls this case, he argues that the decision is against public policy and should be reversed.  16 S.W.3d 1, 19 (Tex. Crim. App. 2000) (holding that the exclusionary rule of the Texas Code of Criminal Procedure did not apply to treaty violations).

Section 36 of the Vienna Convention provides that when nationals from participating countries are arrested in the United States, the authorities are required to notify the foreign national that he has a right to contact his nation’s consulate.  Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36(1)(b), 
 at 
http://www.un.org/law/ilc/texts/consul.htm.  If the foreign national requests, the authorities “shall, without delay” inform the foreign consulate that he has been detained.  
Id.  
Additionally, the consular officials from the foreign country shall have the right to visit their nationals in custody in the United States.  
Id.
 art. 36(1)(c).  Appellant argues that his confession should have been suppressed because the police never notified him that, as a Mexican national, he had a right to contact the Mexican Consulate, nor did the police contact the consulate on his behalf.

The State argues that this court is bound by the court of criminal appeals decision in 
Rocha
.  16 S.W.3d at 18-19.  The court in 
Rocha
 held that the article 38.23(a) exclusionary rule of the Texas Code of Criminal Procedure does not apply to violations of treaties.  
Id.; see also 
Tex. Code Crim. Proc. Ann
. § 38.23(a)
.  
Absent contrary directions from the United States Supreme Court, the court of criminal appeals stated that it would not enforce Vienna Convention violations claimed under the federal exclusionary rule.  
Rocha
, 16 S.W.3d at
 19.  This court is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule the precedent in 
Rocha.  See Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d)
.
  Accordingly, we hold that the trial court did not abuse its discretion by denying appellant’s motion to suppress on this ground.  Therefore, we overrule appellant’s second issue.

Violation of Appellant’s Constitutional Right Against Self Incrimination

In his third issue, appellant complains that the trial court erred by denying his motion to suppress because it violated appellant’s Texas and United States Constitutional rights against self-incrimination.  Although appellant alleges that admission of his confession violated the Texas and United States Constitutions, his argument consists of only one paragraph and does not cite a single legal authority in support of his argument.  Thus, appellant has inadequately briefed this argument, and we will not consider it.  
See
 
Tex. R. App. P.
 38.1(h); 
Jackson v. State
, 50 S.W.3d 579, 591 n.1 (Tex. App.—Fort Worth 2001, pet. ref’d) (explaining that by raising an issue and failing to present any argument or authority on that issue, the party waives that issue). 

JURY CHARGE ERRORS

In appellant’s fourth issue, he complains that the trial court erred by denying his jury charge request on voluntariness.  Appellant claims that his confession is involuntary and therefore inadmissible due to violations of the Vienna Convention.  As we have previously discussed, the court of criminal appeals in 
Rocha
 determined that a violation of the Vienna Convention provides no basis for the jury to disregard an otherwise voluntary confession.  
Rocha
, 16 S.W.3d at 18-19.  Therefore, the trial court’s failure to give the requested instruction regarding the affect of the Vienna Convention was not error.  
See Sifuentes v. State
, 29 S.W.3d 238, 244 (Tex. App.—Amarillo 2000, pet. ref’d).  Appellant’s fourth issue is overruled.

In appellant’s seventh issue, he complains that the trial court erred by denying his request for a jury charge on accomplice testimony.  Appellant’s complaint focuses specifically on the testimony given at trial by Martin Esparza and Jose Luis Soto, who, respectively, provided the truck and the gun used in the robbery and murder.  Appellant argues that Soto and Esparza were accomplices and, as such, the code of criminal procedure prohibited the State from convicting appellant solely on their uncorroborated testimony.

Article 38.14 of the Code of Criminal Procedure provides as follows:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

T
EX.
 C
ODE
 C
RIM.
 P
ROC.
 A
NN.
 art. 38.14 (Vernon 1979).  In conducting a sufficiency review under the accomplice-witness rule, the reviewing court must  eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to ascertain if there is any evidence that tends to connect the accused with the commission of the crime. 
 Solomon v. State
, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001);
 Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).  “Tendency to connect” rather than rational sufficiency is the standard:  the corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt.  
Solomon
, 49 S.W.3d at 361; 
Cathey v. State
, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000).  Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense.  
Cathey
, 992 S.W.2d at 462.  To satisfy the accomplice-witness rule there simply needs to be other evidence tending to connect the accused to the commission of the offense.  
Id.
 at 463.

When there exists no doubt that a witness is an accomplice, the court is under a duty to so instruct the jury and failure to do so may be reversible error.  
DeBlanc v. State
, 799 S.W.2d 701, 709 (Tex. Crim. App. 1990) (applying 
Almanza
), 
cert. denied
, 501 U.S. 1259 (1991); 
Solis v. State
, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990) (same);
 Burns v. State
, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985) (same).  
If there is doubt whether a witness is an accomplice witness, the trial court may submit the issue to the jury even though the evidence weighs in favor of the conclusion that the witness is an accomplice as a matter of law. 
 Kunkle v. State
, 771 S.W.2d 435, 440-41 (Tex. Crim. App. 1986), 
cert. denied
, 492 U.S. 925 (1989).

The State contends that no accomplice witness instruction was required because neither Esparza nor Soto were accomplices.  The evidence at trial showed that appellant borrowed a white truck and a gun from Esparza and Soto, respectively, and offered to pay them for the use of these items.  No evidence was presented at trial to show that Soto and Esparza had any knowledge of the crime or played any role in the robbery and murder.  Detective LeNoir testified that the police initially considered Esparza and Soto as potential accomplices to the crime because they supplied the gun and truck.  But the police cleared them as accomplices after appellant made his statement saying that neither had any knowledge what the items were to be used for.  According to appellant, Esparza thought he was using the truck to “go out with some girls.”  Appellant stated that he did not tell Soto why he needed the gun.  Even appellant’s written confession, admitted at trial, denied that Esparza and Soto had any knowledge of why appellant wanted to borrow the gun and truck.  

Additionally, sufficient evidence existed to corroborate appellant’s participation in the crime, namely, his confession.  Because neither Esparza nor Soto could be considered accomplices and sufficient evidence existed to corroborate appellant’s involvement, appellant was not entitled to a jury instruction on accomplice testimony.  We hold that the trial court did not err in denying appellant’s requested instruction and overrule appellant’s seventh issue.

RULE 403 OBJECTIONS

In his fifth and eighth issues, appellant complains that the trial court erred by overruling his objections to the introduction of autopsy photographs and the playing of the 911 phone call recording reporting the crime.  He contends that  the exhibits were more prejudicial than probative under Texas Rule of Evidence 403.  
Tex. R. Evid.
 403.  

Standard of Review

In reviewing the trial court’s determination of the probative and prejudicial value of evidence under rule 403, we will reverse the trial court only upon a clear abuse of discretion.  
Rachal v. State
, 917 S.W.2d 799, 808 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996); 
Montgomery v. State
, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (op. on reh’g).  But, reviewing for abuse of discretion in this context requires more than deciding that the trial judge did in fact conduct the required balancing between probative and prejudicial values; the trial court’s determination must be reasonable in view of all relevant facts.  
Rachal
, 917 S.W.2d at 808; 
Montgomery
, 810 S.W.2d at 392.  Accordingly, if the record reveals that the probative value of the tendered evidence is substantially outweighed by unfair prejudice, then the trial court acted irrationally in admitting it and abused its discretion. 
 Rachal
, 917 S.W.2d at 808; 
Montgomery
, 810 S.W.2d at 392.

Autopsy Photographs

In his fifth issue, appellant argues that the trial court erred by overruling his objection to three autopsy photographs of Paliotta’s body.  At trial, appellant objected to their admission arguing that the photographs were “very gruesome” and would unfairly prejudice appellant if admitted.  Appellant also claimed that the photographs were cumulative as to the cause of Paliotta’s death and that the cause of death could be shown by the medical examiner’s testimony and sketches. 

With regard to appellant’s challenges, rule 403 requires an admissible photograph to possess “some probative value and that its probative value not be substantially outweighed by its inflammatory nature.”  
Santellan v. State
, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997) 
(quoting 
Long v. State
, 823 S.W.2d 259, 272 (Tex. Crim. App. 1991), 
cert. denied
, 505 U.S. 1224 (1992)).  In making this determination, we consider factors including the following:  the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up shots, whether the body is naked or clothed, the availability of other means of proof, and other circumstances unique to the individual case.  
Id.
  

Here, t
he three color photos at issue showed close-up views of the bullet entry wound on Paliotta’s back, the large bruise on the front of his chest where the bullet tried to exit, and his bloodied face.  The photos depicted the extent and nature of Paliotta’s wounds and did not show any alteration to his body resulting from autopsy or medical procedures.  
See id. 
(allowing autopsy photos unless they depict mutilation of the victim caused by the autopsy itself).  
The photographs were admitted during the State medical examiner’s testimony and they assisted him in describing his findings for the jury and illustrating to the jury the location and nature of Paliotta’s wounds.  
See
 
Matamoros v. State
, 901 S.W.2d 470, 476 (Tex. 1995) (admitting morgue photos of wounds because they added to jury’s understanding of the nature of the wounds involved); 
Rogers v. State
, 774 S.W.2d 247, 258 (Tex. Crim. App.) (holding that admission of autopsy photographs in capital murder prosecution was allowed for illustrative purposes with respect to pathologist’s testimony regarding cause of death), 
cert. denied
, 493 U.S. 984 (1989),
 overruled on other grounds by, Peek v. State
, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003).  Paliotta was clothed from the waist down and the photos focused primarily on the gunshot wound that caused his death.  The photographs were not unnecessarily gruesome or so inflammatory that they would be excludable from a capital murder trial on grounds that their probative value, to show circumstances of crime and to depict reality of offense, was substantially outweighed by danger of unfair prejudice.  
See Chamberlain v. State
, 998 S.W.2d 230, 236-38 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000).  We hold that the trial court did not abuse its discretion in admitting the photographs.  We overrule appellant’s fifth issue.

911 Tape Recording

In appellant’s eighth issue, he complains that the trial court erred in allowing the State to play the 911 tape aloud to the jury.  He argues that, instead, the trial court should have admitted a written transcript of the 911 tape in order to avoid “inflam[ing] the minds of the jurors and unduly predjudic[ing] the Appellant.”  Riojas and Chavez were excited and distraught on the 911 recording, but did not display such emotion as to inflame the jurors to act on emotion rather than on the evidence.  Although the 911 recording was prejudicial to appellant, its probative value was not outweighed by the risk of undue prejudice.  We hold that the trial court did not abuse its discretion by allowing the tape to be played in front of the jury.  We overrule appellant’s eighth issue.  
See Anderson v. State
, 15 S.W.3d 177, 186 (Tex. App.—Texarkana 2000, no pet.) (holding tape of call by victim’s husband to 911 was not more prejudicial than probative, even though tape was prejudicial to defendant, where tape covered period immediately after murder of wife, and contained eyewitness statements identifying defendant as the attacker); 
Munoz v. State
, 932 S.W.2d 242, 244 (Tex. App.—Texarkana 1996, no pet.) (holding tape recording of emergency call, in which caller told dispatcher that victim had been shot, was not more prejudicial than probative in murder trial; tape provided framework within which state’s evidence could be developed, tape was not unduly graphic, and, although caller was excited and distraught, he did not display the kind of inflammatory emotion that would be calculated to cause jurors to act on emotion rather than evidence).

BATSON
 CHALLENGE

In his sixth issue, appellant complains that the trial court erred by overruling his 
Batson
 challenge because the State struck all potential Hispanic male jurors.  

Appellant is a Hispanic male and a Mexican national.  During the voir dire examination, the State used peremptory strikes to strike the only two male Hispanic veniremembers.  The Fourteenth Amendment prohibits the use of peremptory challenges in a racially discriminatory manner.  
Batson v. Kentucky
, 476 U.S. 79, 89, 106 S. Ct. 1712, 1719 (1986); 
Ladd v. State
, 3 S.W.3d 547, 563 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  When one party makes a prima facie case that another’s use of a peremptory strike is racially discriminatory, the striker must tender to the trial court race-neutral reasons for having made it.  
Ladd,
 3 S.W.3d at 563.  The challenger then must prove that the discrimination was purposeful.  
Id.
 

Here, the State struck the only two potential Hispanic male jurors on the panel.  However, quite a few minorities remained on the jury panel.  The court noted that jurors, Sally Rodriguez and Anita Garcia, were Hispanic and that Dawn Alvarez also had a Hispanic surname.  Additionally, juror Wade was an African-American male.  Appellant made a 
Batson
 challenge to the State’s use of their peremptory strikes, but the trial court ruled that appellant failed to make a prima facie case that the strikes were racially motivated. 

Even so, the State explained that it struck veniremember number eight, Rafael Bustamante, because he was the first juror to ask a question on the issue of what  appellant should have anticipated when Chi went into the store.  Because Bustamante had trouble deciding that issue, the State struck him.  The State also struck veniremember twenty, Steve Hernandez, because the police had arrested him three times for domestic violence.  The State felt as though the arrests illustrated that Hernandez could not be a reliable State’s juror. 

Once the State gave its race-neutral explanations for striking Bustamante and Hernandez, the issue of whether appellant established a prima facie case became moot and appellant was then required to prove that the discrimination was purposeful.  
Hernandez v. New York
, 500 U.S. 352, 359, 111 S. Ct. 1859, 1866 (1991); 
Ladd,
 3 S.W.3d at 563; 
Malone v. State
, 919 S.W.2d 410, 412 (Tex. Crim. App. 1996).  Because the trial court is in a unique position to determine the veracity of race-neutral reasons for exercising peremptory challenges, we must accord the trial court’s decision great deference and may not overturn it unless clearly erroneous.  
Jasper v. State
, 61 S.W.3d 413, 421-22 (Tex. Crim. App. 2001).  Our standard of review requires that we view the evidence in the light most favorable to the trial court’s ruling.  
Id.
  Having done so, we hold that the record before us does not establish that Bustamante and Hernandez were struck for racially discriminatory reasons.  We overrule appellant’s sixth issue. 

WIDOW’S TESTIMONY

In his ninth issue, appellant complains that the trial court erred by overruling appellant’s motion for a mistrial because the emotional testimony of Paliotta’s widow had no probative value and unfairly prejudiced appellant under evidence rule 403, the state and federal constitutions, and the code of criminal procedure’s guarantees of due process and fair trials.  Although appellant alleges that admission of the widow’s testimony violated the Texas and United States Constitutions, the rules of evidence, and the code of criminal procedure, his argument consists of only four sentences, and he does not cite a single authority in support of his argument.  Additionally, appellant failed to show how he was harmed by the testimony.  Thus, appellant has inadequately briefed this argument, and we will not consider it.  
See
 
Tex. R. App. P.
 38.1(h); 
Jackson
, 50 S.W.3d at 591 n.1 (explaining that by raising an issue and failing to present any argument or authority on that issue, the party waives that issue). 

CRUEL AND UNUSUAL PUNISHMENT

In his tenth issue, appellant complains that the trial court erred by overruling appellant’s motion to declare the automatic life sentence for capital punishment as cruel and unusual punishment.  

Appellant contends his punishment is cruel and unusual in violation of the Eighth Amendment to the United States Constitution.  Specifically, he contends the automatic life sentence imposed by section 12.31 of the penal code and article 37.071, section 1 of the code of criminal procedure violates his right to an individualized sentence under the Eighth Amendment.  U.S. 
Const.
 amend. VIII; 
Tex. Code Crim. Proc. Ann
. art. 37.071, § 1 (Vernon Supp. 2004-05); 
Tex. Penal Code Ann.
 § 12.31(a) (Vernon 2003)
.  Numerous courts, including this one, have rejected the argument that the assessment of a mandatory life sentence for the offense of capital murder constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.  
See, e.g., Buhl v. State
, 960 S.W.2d 927, 935 (Tex. App.—Waco, pet. ref’d), 
cert. denied
, 525  U.S. 1057 (1998); 
Laird v. State
, 933 S.W.2d 707, 714-15 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d); 
Prater v. State
, 903 S.W.2d 57, 59 (Tex. App.—Fort Worth 1995, no pet.).  We are unpersuaded by appellant’s request to revisit this issue.  Moreover, Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Texas Legislature, the punishment is not excessive, cruel, or unusual.  
See, e.g., Alvarez v. State
, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.).  Here, appellant received a punishment within the statutory range.  
See 
Tex. Penal Code Ann.
 § 12.31(a) (a defendant convicted of capital murder receives a mandatory life sentence when the State waives the death penalty).  Appellant’s tenth issue is overruled.

IMPEACHMENT OF A WITNESS

In his eleventh issue, appellant complains that the trial court erred by denying appellant the right to impeach Martin Esparza with a felony conviction from Mexico.  

Rule of evidence 609(a) provides as follows:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

Tex. R. Evid.
 609(a).  The proponent of the evidence must show that it is admissible.  
Arnold v. State
, 36 S.W.3d 542, 546 (Tex. App.—Tyler 2000, pet. ref’d).  When reviewing a trial court’s decision to admit evidence of a defendant’s previous conviction, we accord the trial court wide discretion and reverse only when the court’s decision lies outside the zone of reasonable disagreement.  
Theus v. State
, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).

Esparza testified outside the jury’s presence that the Mexican police stopped him for possession of a firearm and held him in a Durango, Mexico jail for a day and a half.  Although Esparza admitted the offense was a felony in Mexico, he claimed that he never went before a judge or a court in the case.  Appellant never offered any documents or testimony establishing the existence of a felony conviction, nor did he request a continuance to obtain proof.  It was appellant’s burden to produce evidence showing that a prior felony conviction existed.  
See Arnold 
, 36 S.W.3d at 546.  Based upon this record, we hold that the trial court did not err in denying appellant’s request to impeach.  We overrule appellant’s eleventh issue.

CONCLUSION

Having overruled all of appellant’s issues on appeal, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

PUBLISH

DELIVERED:  December 16
, 2004