IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. PD-453-05





HUGO ALEJANDRO SIERRA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE 2ND COURT OF APPEALS


TARRANT COUNTY





 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Womack and Johnson,
JJ., concurred.


O P I N I O N 



 Appellant Hugo Alejandro Sierra appeals from his conviction for capital murder. 
Appellant was arrested on suspicion of his involvement in an aggravated robbery and
murder at a clothing store. He was taken to the police station for questioning, and after
receiving Miranda warnings, (1) Appellant gave a written confession of his involvement in
the crime. Although the police knew that Appellant was a Mexican national, the Mexican
consulate was never contacted, and Appellant was not informed of his right under Article
36 of the Vienna Convention to contact the consulate.

 Appellant filed a motion to suppress the confession, arguing that police had
violated his Vienna Convention rights by not informing him of his right to contact the
Mexican consulate. (2) The trial court denied Appellant's motion to suppress, and the
confession was introduced at trial. Appellant was convicted by a jury of capital murder. 
The State waived the death penalty, and the trial court sentenced Appellant to an
automatic life sentence. On direct appeal, the Second Court of Appeals affirmed the trial
court's judgment. Sierra v. State, 157 S.W.3d 52 (Tex. App.-Fort Worth 2004).

 Appellant filed a petition for discretionary review, and we granted the portion of
Appellant's first ground for review that states "the police violated international treaties to
obtain Petitioner's confession." We ordered the parties to brief the following specific
issues: 1) Does the Vienna Convention create a privately enforceable right in a criminal
proceeding? 2) If so, does that right include the legal remedy of exclusion of a voluntary
confession taken without notifying the arrestee of his right to contact his consulate? 3)
Must a defendant show a causal connection between the violation of theVienna
Convention and the making of a confession? 4) What is the appropriate harmless error
analysis that should be applied to Vienna Convention violations? 

Analysis

 "The Vienna Convention is an international treaty that governs relations between
individual nations and foreign consular officials." Sanchez-Llamas v. Oregon, 126 S. Ct.
2669, 2691 (2006). "Article 36 of the Convention governs relations between consulates
and their nationals." Id. It "grants a foreign national who has been arrested, imprisoned
or taken into custody a right to contact his consulate and requires the arresting
government authorities to inform the individual of the right 'without delay.'" Maldonado
v. State, 998 S.W.2d 239 (Tex. Crim. App. 1999) (citing Vienna Convention on Consular
Relations art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 100-101, 595 U.N.T.S. 261, 292
(ratified by the United States on Nov. 24, 1969)). 

 Appellant contends that the rights conferred by Article 36 are privately enforceable
in a criminal proceeding and that the police violated Article 36 by failing to notify him of
these rights. Appellant asserts that the Vienna Convention mandates exclusion of
confessions taken in violation of Article 36. 

 While this case was pending before us, the U.S. Supreme Court granted certiorari
and issued an opinion in two Vienna Convention cases (Sanchez-Llamas v. Oregon and
Bustillo v. Johnson), which it consolidated. Sanchez-Llamas, 126 S. Ct. at 2674. 
Sanchez-Llamas' case presented two of the same questions currently before us. "First,
does Article 36 create rights that defendants may invoke against the detaining authorities
in a criminal trial or in a postconviction proceeding? Second, does a violation of Article
36 require suppression of a defendant's statements to police?" Sanchez-Llamas, 126 S.
Ct. at 2674.

 The Supreme Court concluded that it was unnecessary to resolve the first question 
because Sanchez-Llamas "was not in any event entitled to relief on [his] claims." Id. at
2677-78. Therefore, when addressing the second issue--Sanchez-Llamas' claim that his
incriminating statements should be suppressed because authorities failed to comply with
Article 36--the Court assumed, without deciding, that Article 36 does grant individually
enforceable rights. Id. at 2677-78. The Court held that Sanchez-Llamas was not entitled
to relief because "neither the Vienna Convention nor [Supreme Court] precedents
applying the exclusionary rule supported suppression of Sanchez-Llamas' statements to
the police." Id. at 2682. The Supreme Court has thus foreclosed the possibility that the
federal exclusionary rule is an appropriate remedy for Article 36 violations. 

 The court of appeals affirmed the trial court, holding that it is bound by our
decision in Rocha v. State, in which we held that the exclusionary rule in Texas Code of
Criminal Procedure 38.23 does not apply to treaty violations. Sierra, 157 S.W.3d at 59-60; see also Rocha v. State, 16 S.W.3d 1, 19 (Tex. Crim. App. 2000). Article 38.23(a)
provides in relevant part:

 No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State or Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case. 


Tex. Code Crim. Proc. art. 38.23(a). In Rocha, we performed a statutory analysis to
determine whether a treaty is a "law" under Article 38.23. At the conclusion of the
extensive analysis, we explained that "given the language of Article 38.23, the purpose
and function that treaties provide, and the uniquely federal aspect involved in enforcing
international agreements, we hold that treaties do not constitute "laws" for Article 38.23
purposes." Appellant admits that Rocha governs this case, but requests that we
reconsider our decision in Rocha. v. State. We find no reason to reconsider our statutory
analysis of 38.23 in Rocha and decline to do so. 

 We ordered briefing by the parties on related Vienna Convention issues in this
case. But because we decide that Appellant is not entitled to relief under the Supreme
Court's holding in Sanchez-Llamas and our decision in Rocha, we find it unnecessary to
address the other issues.

 Our decision does not leave detained foreign nationals without any means of
vindicating Vienna Convention rights. The Supreme Court proposed several alternative
methods in Sanchez-Llamas. Sanchez-Llamas, 126 S. Ct. at 2682. The Court stated that
"[a] defendant can raise an Article 36 claim as part of a broader challenge to the
voluntariness of his statements to police." Id. And further, if a defendant "raises an
Article 36 violation at trial, a court can make the appropriate accommodations to ensure
the defendant secures, to the extent possible, the benefits of consular assistance." Id. The
Court reiterated that diplomatic avenues are the primary means of enforcing the
Convention. Id. 

Conclusion

 Because suppression is not an appropriate remedy for violations of the Vienna
Convention, we affirm the decision of the court of appeals. 

 

 Meyers, J. 

Delivered: March 21, 2007

Publish
1. See Miranda v. Arizona, 384 U.S. 436 (1966).
2. Appellant has also argued that his confession should be suppressed because he was not
taken before a magistrate immediately after his arrest. The court of appeals addressed the issue,
but we did not grant that portion of Appellant's petition for discretionary review.