NO. 07-10-00032-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
19, 2011

 



 

ARSENIO PETTY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 16TH DISTRICT COURT OF
DENTON COUNTY;

 

NO. F-2009-0413-A; HONORABLE CARMEN RIVERA-WORLEY, JUDGE



 



 

Before CAMPBELL, and HANCOCK and PIRTLE, JJ.

 

 

OPINION

            Appellant, Arsenio Petty, appeals
from a conviction for capital murder.[1]  The State did not did not seek the death
penalty, therefore, appellant was automatically sentenced to incarceration for
life in the Institutional Division of the Texas Department of Criminal Justice
without the possibility of parole.[2]  Appellant appeals contending that the trial
court committed reversible error in admitting his videotaped confession, and in
admitting State’s exhibit 58, a picture drawn by one of appellant’s
victims.  Further, appellant contends
that the automatic life sentence mandated by statute is unconstitutional under
both the United States Constitution and the Texas Constitution.  We affirm.

Factual and Procedural Background

            Appellant
does not object to the sufficiency of the evidence to sustain the jury’s
verdict.  Therefore, only that portion of
the factual and procedural background that is relevant to appellant’s contentions
on appeal will be discussed.

            On
December 30, 2008, appellant and at least two other men entered a convenience
store, The Gas Pipe, in Carrollton, Texas. 
A surveillance camera reflects that, as the first two men enter the
store, appellant reaches and takes a handgun from Maurice Hall and begins
shooting at the employees and patrons in the store.  In the ensuing melee, appellant shot and
struck Rebecca Kemp in the upper left chest. 
Kemp died as a result of this wound. 
All of the assailants, including appellant, fled the store after the
shooting.  No money was obtained in the
robbery.  

            Having
no clear leads or suspects in the shooting, the police released the
surveillance videotape to local media outlets. 
As a result of the video being played on local television stations,
information was furnished to the police identifying appellant as the individual
doing the shooting in the video.  Upon
further investigation, the police interviewed appellant’s sister, Shadara
Perry, who told the police that appellant had told her he thought he had shot
somebody during the robbery shown on television.  

            Appellant
was subsequently arrested and, after his arrest, he gave a videotaped statement
to the police confessing to his actions in the shooting.    Appellant filed a pre-trial motion to
suppress the confession.  After viewing
that portion of the statement that was at issue, the trial court overruled the
motion to suppress.  During the trial,
the videotape in question was introduced into evidence as State’s exhibit 54
and played for the jury.

            During
the trial of appellant, a number of witnesses were called to testify that
appellant had either told them of his participation in the robbery/murder, or
about observing appellant’s reaction when the television news had played the
surveillance video of the event.  The
State also introduced State’s exhibit 58 during the testimony of Holly
Arceneaux.  Arceneaux was in The Gas Pipe
convenience store at the time of the shootings. 
As part of her personal therapy, she had drawn a picture of the
incident.  The State offered Arceneaux’s
drawing.  Appellant objected to the
introduction of the picture on the basis of relevance, prejudice, and best
evidence.  The trial court overruled the
objections and allowed the picture to be introduced before the jury.  Upon submission of the case to the jury, the
jury found appellant guilty of the offense of capital murder.  Because the State had waived the death penalty,
appellant was automatically sentenced to confinement for life without the
possibility of parole.

            Appellant
filed a motion for new trial, which was denied by the trial court.  Subsequently, appellant requested the trial
court file findings of fact and conclusions of law regarding the admission of
the videotaped confession.  Because these
findings and conclusions were not included in the original Clerk’s Record filed
with this Court, we abated this matter back to the trial court to file the
requested findings and conclusions. 
These findings and conclusions were subsequently filed and are part of
the record in this appeal.

Appellant has appealed contending
that the trial court’s admission of his videotaped confession and the
Areceneaux picture was reversible error. 
Further, appellant contends that the statutory punishment scheme for a
capital murder conviction where the death penalty is not being sought is
unconstitutional.  We disagree with
appellant’s contentions and will affirm.

Motion to Suppress

            Appellant’s
first two issues contend that the trial court abused its discretion by
admitting the videotaped confession over appellant’s objection.  Issue one is based upon appellant’s objection
that the confession was obtained in violation of article 38.21 of the Texas
Code of Criminal Procedure and, therefore, was not admissible pursuant to
article 38.23 of the Texas Code of Criminal Procedure.[3]  See Tex.
Code Crim. Proc. Ann. art. 38.21; art. 38.23 (West 2005).  Issue two contends that the same videotaped
confession was inadmissible because it was obtained in violation of the United
States Constitution. 

            Initially,
we must address the State’s contention that appellant’s motion to suppress the
videotaped confession did not properly apprise the trial court that appellant
was objecting on the basis of the United States Constitution.  While the oral motion to suppress was not the
model of clarity, we feel certain that, when appellant’s trial counsel urged
that the videotaped confession was inadmissible because the same was coerced by
the promise made to appellant, the trial court understood appellant to be
urging exclusion of the evidence on the basis of the United States
Constitution.  See Arizona v.
Fulminante, 499 U.S. 279, 285-86, 111 S.Ct 1246, 113 L.Ed.2d 302
(1991).  Accordingly, we do not agree
with the State that appellant has waived his United States Constitutional
claim.  Further, upon review of the trial
court’s findings of fact and conclusions of law, it is clear that the trial
court understood appellant’s motion to include a United States Constitutional
claim.

Standard of Review

            To
review the denial of a motion to suppress, we apply a bifurcated standard of
review.  See Hubert v. State,
312 S.W.3d 554, 559 (Tex.Crim.App. 2010). 
We review the trial court’s application of the law to the facts de novo. 
Id.  However, we defer to
the trial court’s determination of credibility and historical fact.  Id. 
Because the trial court is in the position to see the witnesses testify
and to evaluate their credibility, we must view the evidence in the light most
favorable to the trial court’s ruling.  See
Wiede v. State, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007).  Where a trial court has made findings of
fact, as is the case here, we review the record to determine whether the
evidence, viewed in the light most favorable to the trial court’s ruling,
supports the fact findings entered.  See
State v. Kelly, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).

Analysis

            Article
38.21

Turning first to the state statutory
argument put forth by appellant, article 38.21 provides that “an accused’s
statement may be used against him at trial, if it appears that the same was
freely and voluntarily made without compulsion or persuasion, under the rules
hereinafter prescribed.”  Appellant is
not contending that the rules prescribed by the statutory scheme were not
complied with.  It is appellant’s
position that the detective who took appellant’s videotaped confession, Mark
Ahearn, made promises to appellant that resulted in the confession and,
therefore, made the confession inadmissible. 
Specifically, appellant contends that Detective Ahearn induced
appellant’s confession by promising him that he would be permitted to see his
family if he confessed.  

            The
State contends that the promise that appellant could see his family was couched
in terms of seeing them when they finished the interview process before he was
taken to jail and was not conditional on appellant confessing.  Further, whatever the nature of the promise
made, the State contends that it was not of such a nature that it would cause
appellant to speak untruthfully.

            In
order for a promise to invalidate a confession under article 38.21, the promise
must be: 1) positive, 2) made or sanctioned by someone in authority, and 3) of
such an influential nature that it would cause a defendant to speak
untruthfully.  Martinez v. State,
127 S.W.3d 792, 794 (Tex.Crim.App. 2004).[4]  Appellant and the State agree that there was
a positive promise, that appellant could visit his family, made by a person in
authority, Detective Ahearn.  However, it
is the third element that is hotly contested, whether the promise at issue was
of such an influential nature that it would cause a defendant to speak untruthfully.

            The
trial court made specific findings of fact that address the issue of
discussions regarding appellant’s family and promises made to appellant about
seeing his family.  The applicable
findings are:

4. Prior to and after the defendant’s admission of capital murder,
Detective Ahearn told the defendant that after they had finished talking and
when they got through the entire story once, Detective Ahearn would let the
defendant talk to his family and say goodbye, and that defendant’s family could
visit with the defendant before he was taken to the jailhouse.

5. The defendant was not told that he could not talk or visit with his
family if he refused to give a confession.

6. The defendant never requested nor was he denied the right to contact
any family members.

Our review of the record reveals that
the findings of the trial court regarding any promise made to appellant by
Detective Ahearn are supported in the testimony and on the videotape of the
confession.  See Kelly, 204
S.W.3d at 818.

            Additionally,
we note that, even if we were to agree with appellant that Detective Ahearn did
refuse to allow him to see his family until he confessed, the videotaped
confession would still have been admissible. 
This is because the type of promise made was not of the nature or type
that conferred such a benefit upon appellant as would cause him to speak
untruthfully.  See Martinez,
127S.W.3d at 795 (“Under State law the determination is whether the officially
sanctioned positive promise would be likely to influence the defendant to speak
untruthfully and not whether the defendant in fact spoke untruthfully.”).  Such was the finding of fact entered by the
trial court.  See Kelly,
204 S.W.3d at 818.  Again, the record
supports this finding.  We are of the
opinion that, even if Detective Ahearn had promised appellant that he could see
his family if he confessed, such a promise would not confer any benefit on
appellant that would cause him to speak untruthfully.  Accordingly, appellant’s issue one is
overruled.

            United
States Constitution

            Appellant’s
second issue contends that the confession should have been suppressed because
it was obtained in violation of the safeguards contained in the United States
Constitution.  When focusing on an
alleged due process violation which resulted in the statement being obtained involuntarily,
the standard is whether all of the attendant circumstances reflect that
appellant’s will was overborne.  See
Dickerson v. United States, 530 U.S. 428, 434, 120 S.Ct. 2326, 147
L.Ed.2d 405 (2000); see also Delao v. State, 235 S.W.3d
235, 239 (Tex.Crim.App. 2007), cert. denied, 552 U.S. 1168, 128 S.Ct. 1128, 169
L.Ed.2d 953, (2008).

            In
addition to the promises that appellant contends that Detective Ahearn made,
appellant points to his age, 20 years old, and alleged psychological problems
he was having as a result of his having been previously shot, as part of the
totality of the circumstance requiring the trial court to have found
appellant’s confession involuntarily given. 
Giving full play to the totality of the circumstances, the record does not
support appellant’s position.  That
appellant was upset and under stress is borne out in the video of the
confession interview.  However, a review
of the record shows that the only matter mentioned to the trial court, other
than the promise allegedly made by Detective Ahearn, was appellant’s age, and
this was only argued in a very limited and cursory manner.  Nowhere in the objection during the hearing
on the motion to suppress or at the time State’s exhibit 54, the videotaped
confession, was offered does the record reflect that appellant contended that any
psychological issues might have weighed on his decision to confess.  To the extent appellant now attempts to argue
that subject matter, he is constrained from doing so as his objection at trial
does not comport to that argument in his brief. 
See Tex. R. App. P.
33.1(a)(1)(A).  Regarding appellant’s
age, at trial appellant’s attorney only mentions it in passing while arguing
the motion to suppress.  We will,
however, address this issue as having been brought to the trial court’s
attention.  See id.

            Appellant’s
age at the time of the statement was, according to his brief, 20 years.  The trial court’s findings of fact recite
that the statement was “made knowingly, intelligently, freely, and voluntarily
without any threats, compulsion, persuasion, duress, coercion, or other
improper influence.”  In our review of
the record to ascertain the totality of the circumstances, we find nothing
indicating that appellant did not understand the nature of the questions asked
him or the implication of his answers.  Rather,
what we see is a younger man who understands that he is in a substantial amount
of trouble and appears to decide to confess once he realizes that his family
and friends have already talked to the police about his involvement in the
crime.  There is no demonstrative
overreaching by the police, nor is there any apparent coercion.  See Colorado v. Connelly, 479
U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (coercive police activity
is a necessary predicate to the finding that a confession was not voluntary
within the meaning of the Due Process Clause). 
Additionally, in addressing appellant’s first issue, we found that the
trial court’s finding of fact that there were no promises made to appellant by
Detective Ahearn was supported in the record. 
In regard to the second issue, the trial court’s finding of fact
regarding a lack of coercion or overreaching is likewise supported in the
record.  Therefore, we overrule
appellant’s second issue.  See Kelly,
204 S.W.3d at 818.

Admission of State’s Exhibit 58

            Appellant’s
third issue contends that, when the trial court allowed State’s exhibit 58 to
be admitted before the jury, the trial court abused its discretion.  State’s exhibit 58 was a picture drawn by
Holly Arceneaux shortly after the incident in question.  Arceneaux had been one of the customers
inside The Gas Pipe at the time of the shooting.  According to the record, Arceneaux drew the
picture in question while undergoing therapy as a result of witnessing the
events of that day.  According to
Arecneaux’s testimony, the picture represents both the shooting and the
immediate aftermath of the shooting with the victim and others depicted.  Appellant objected that the picture was
irrelevant, prejudicial, and that better evidence existed in the form of the
surveillance camera photographs.  The
trial court overruled the objection and the exhibit was admitted before the
jury.

Standard of Review

            When
dealing with issues regarding the admission of evidence, the standard of review
is abuse of discretion.  Weatherred v.
State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).  A trial court abuses its discretion only when
the reviewing court can say with confidence that no reasonable perception of
the matter under consideration could have yielded the decision made by the
trial court.  See Montgomery v.
State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g).  If the trial court's decision is correct on
any theory of law applicable to the case, the decision will be sustained.  See State v. Ross, 32 S.W.3d
853, 855-56 (Tex.Crim.App. 2000).

Analysis

            Evidence
is relevant if it tends to make the existence of a fact of consequence more or
less probable than it would be without the evidence.  See Tex.
R. Evid. 401.[5]  Relevant evidence is generally admissible
unless otherwise provided.  See
Rule 402.  

            The
evidence at issue allegedly portrayed the scene of the shooting as it occurred
and immediately after it occurred. 
However, from our review of the exhibit, it is difficult to see how the
picture in question contributed anything of consequence toward proof of any of
the elements of the offense.  At best,
the picture was simply cumulative of the testimony of the witness.  If we assume the evidence had such limited
relevancy that it should not have been admitted, we must make further inquiry
about the harm to appellant from the admission of the exhibit.  

An erroneous admission of evidence is
judged for harm under the non-constitutional harm analysis of Texas Rule of
Appellate Procedure 44.2(b).  See Russell
v. State, 155 S.W.3d 176, 181 (Tex.Crim.App. 2005).  In conducting such an analysis, we may
disregard the error if, after examining the entire record, we have a fair
assurance that the error did not influence the jury, or had but a slight effect.  See Guevara v. State, 152
S.W.3d 45, 53 (Tex.Crim.App. 2004).  

            A
review of the record reveals that the events depicted in State’s exhibit 58
were testified to by several other witnesses, including Arceneaux.  Specifically, appellant was identified by
another participant in the shooting.  The
victim’s condition after the shooting was described by several witnesses.  The surveillance videos displayed the actions
of appellant and the other participants. 
The appellant confessed to being the shooter.  Nothing in the record indicates that the
State unduly emphasized State’s exhibit 58. 


            Thus,
from our review of the entire record, we are assured that the admission of
State’s exhibit 58 did not influence the jury, or, at most, had a very
insubstantial influence in their returning a verdict against appellant.  Id. 
Therefore, we find that the admission of said exhibit did not affect
appellant’s substantial rights.  Id.  Accordingly, the error in admission of the
exhibit was harmless and will be disregarded. 
See Rule 44.2(b). 
Appellant’s third issue is overruled.

Mandatory Life Sentence

Appellant’s fourth and fifth issues
contend that the conviction is invalid because the imposition of a mandatory
life sentence without parole violates the Eighth Amendment of the United States
Constitution (issue four) and Article 1, Sections 13 and 15, of the Texas
Constitution (issue five) because such an “automatic” sentence denied appellant
his right to an individualized sentence.

First, the record does not include
any objection during the trial to the application of the statute governing
punishment for capital murder when the State waives the death penalty.  See Tex.
Penal Code Ann. § 12.31(a).  Thus,
it appears that appellant’s claim, which we read to be attacking the sentencing
scheme as being applied to appellant under a disproportionate sentence analogy,
is an “as applied” attack against the statute as opposed to a “facial”
challenge against the statute.[6]  Appellant has failed to preserve this
objection for our review.  Rule 33.1(a)(1)(A).  The inaction of appellant at trial leaves the
Court with nothing to review.[7]  Accordingly, appellant’s fourth and fifth
issues are overruled.

Conclusion

Having overruled appellant’s issues,
the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Publish.

 

 











[1] See Tex. Penal Code Ann. § 19.03(a)(2) (West 2011).





[2] See Tex. Penal Code Ann. § 12.31(a) (West 2011).





[3] Further reference to the Texas Code of Criminal
Procedure will be by reference to “article ___” or “art. ___.” 





[4] See also Perales v. State, No.
2-07-268-CR., 2008 Tex. App. LEXIS 7675, at *11-*12 (Tex.App.—Fort Worth 2008,
pet. ref’d, untimely filed) (not designated for publication); Wells v. State,
No. 2-05-352-CR, 2007 Tex. App. LEXIS 2544, at *10 (Tex.App.—Fort Worth 2007,
no pet.) (not designated for publication).





[5] Further reference to the Texas Rules of Evidence will
be by reference to “Rule ___.”





[6] Even if we viewed the issues as being a facial attack
against the statute, appellant’s failure to object at trial would have
forfeited his issues.  See Karenev
v. State, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009).

 





[7] Even were we to accept that appellant had no
requirement to object at trial, the decided case law is against appellant and
we would not sustain his fourth and fifth issues.  See Sierra v. State, 157 S.W.3d
52, 64-65 (Tex.App.—Fort Worth 2004), aff’d, 218 S.W.3d 85 (Tex.Crim.App.
2007).