02-11-316 & 317-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00316-CR

 

 









 
 
 James
 Haas
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 362nd District
 Court
  
 of
 Denton County (F-2007-2129-D)
  
 January
 31, 2013
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 

 

 

 

 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00316-CR

NO. 02-11-00317-CR

 

 


 
 
 James Haas
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 362nd
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
James Haas appeals the trial court’s revocation of his deferred adjudication
community supervision and decision to adjudicate his guilt in each case.  Because
the trial court did not abuse its discretion by revoking Appellant’s community
supervision or by adjudicating his guilt, we affirm the trial court’s judgments.

In April
2008, Appellant James Haas received deferred adjudication
community supervision on charges of tampering with physical evidence and
possession of less than one gram of methamphetamine with intent to deliver.  His
conditions of community supervision included committing no new criminal
offenses and paying a monthly supervision fee, a fine, court costs,
restitution, and a one-time fee to the district clerk.

On
January 28, 2010, the State filed a petition to proceed to adjudication in each
case.  The petitions, as later amended, asserted that Appellant had failed to
make the required payments and had committed three new offenses:  an October
31, 2009 offense of possession
of a controlled substance in the amount of less than one gram; a February 16,
2010 offense of possession of a controlled substance in the amount of more than
one gram but less than four grams; and fleeing from an officer with a vehicle.

The
trial court held a hearing on the petitions to adjudicate, at which Appellant pled not true
to the allegations of fleeing from an officer and the October 2009 possession
of a controlled substance offense.  Appellant pled true to all other
allegations.

Denton County community supervision
officer Rhett Wallace testified at the June 2011 hearing that Appellant had not
made any of his payments for almost two years.  The State introduced into
evidence and the trial court admitted a judgment against Appellant for the
February 16, 2010 possession of a controlled substance offense.  Appellant
admitted that he had been arrested on that charge and had pled guilty.  He
stated, however, that the drugs had been planted in his car by his girlfriend.

Appellant also acknowledged
that he had been arrested in October 2009 for possession of a controlled
substance, but he was not indicted for that offense because a drug test
indicated that the substance was not a drug.  The State abandoned that
allegation toward the end of the hearing.

Appellant further
acknowledged that he had been arrested on August 23, 2010, for fleeing from a
police officer after he ran from an officer who had asked for his driver’s
license.  But Appellant testified that he had only run to hide in a nearby shed
because the police officer was the boyfriend of a woman that Appellant formerly
dated, and he was afraid for his safety.

The trial court found all
allegations to be true except the allegation concerning the October 2009
possession offense.  The trial court adjudicated Appellant guilty, revoked his
community supervision, and sentenced him to six years’ confinement in prison on
the tampering with evidence charge and twenty months’ confinement in a state
jail facility for the possession of a controlled substance charge.  Appellant
now appeals.

In a
single point, Appellant argues that the trial court erred by revoking his community
supervision in each case in that the merits of the State’s petitions to proceed
to adjudication were determined under a burden of proof other than beyond a
reasonable doubt.  The State responds that Appellant did not preserve his
complaint below.  The State is correct that Appellant did not raise the issue
of the higher burden of proof in the trial court.  Generally, to
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.[2]  Further, the trial court
must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.[3]

To
the extent, however, that Appellant complains that the evidence was not
sufficient to sustain what he considers the appropriate burden of proof,
sufficiency of the evidence may be raised for the first time on appeal.[4] 
The burden of proof in a community supervision revocation is by a preponderance
of the evidence.[5]  Appellant
invites us to reverse the Texas Court of Criminal Appeals and to declare that
the appropriate burden of proof in a community supervision revocation case is
proof beyond a reasonable doubt.  But this court is bound by the precedent of
the Texas Court of Criminal Appeals and has no authority to disregard or
overrule that binding precedent.[6]

Appellant
entered a plea of not true to the allegations that he committed the offenses of
fleeing from an officer with a vehicle and of possession of a controlled
substance of more than one gram in October 2009.  But he pled true to the
allegation that he possessed a controlled substance in an amount of more than one
gram but less than four grams in February 2010, and he also pled true to the
allegations that he failed to pay fees, costs, and restitution.  A plea of true
to a single violation, standing alone, is sufficient to support revocation.[7] 
The trial court, therefore, did not abuse its discretion by revoking
Appellant’s deferred adjudication community supervision in either case.  We therefore
overrule Appellant’s sole point on appeal in each case.

Having
overruled Appellant’s sole point, we affirm the trial court’s judgments.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 31, 2013









[1]See Tex. R. App. P. 47.4.





[2]Tex. R. App. P.
33.1(a)(1); Clark v. State, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); Clay
v. State, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.).





[3]Tex. R. App. P.
33.1(a)(2); Pena v. State, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).





[4]Moff v. State, 131
S.W.3d 485, 489 (Tex. Crim. App. 2004); see Moore v. State, 371 S.W.3d
221, 226–27 (Tex. Crim. App. 2012) (holding challenge to cumulation order not
forfeited for failure to raise at trial).





[5]Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984)).





[6]Hailey v. State,
No. 02-10-00247-CR, 2012 WL 4936655, at *25 (Tex. App.—Fort Worth Oct. 18, 2012,
pet. filed); Sierra v. State, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth
2004), aff’d, 218 S.W.3d 85, 88 (Tex. Crim. App. 2007).





[7]Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State,
603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).