COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-253-CR

NO.
2-06-254-CR

 

 

CLAUDIO ALBERTO DIAZ                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Claudio Alberto Diaz
of aggravated kidnapping and aggravated robbery and assessed his punishment at
eighty years= confinement and sixty years=
confinement respectively.  The trial
court sentenced Appellant accordingly, with the sentences to run
concurrently.  In four issues, Appellant
contends that the evidence is insufficient to support the verdicts, that the
trial court erred by overruling his motion to suppress and by admitting expert
testimony, and that the trial court abused its discretion by declining to poll
the jury to determine whether any juror had been influenced by a newspaper
article.  Because we hold that the
evidence is legally and factually sufficient to support the verdicts and that
the trial court did not err, we affirm the trial court=s
judgments. 

In his third issue, Appellant contends that the
evidence is legally and factually insufficient to support the verdicts because
the complainant could not identify him from a photospread and did not identify
him at trial.  He does not challenge the
sufficiency of the evidence on any other ground. 

The complainant testified that on April 14, 2004,
a man carjacked her at knifepoint at a Carnival grocery store in Fort Worth and
drove her pickup, with her inside, east on Interstate 30.  When they got near the Loop 12 exit in
Dallas, she jumped out of her moving pickup, and a man stopped, picked her up,
and took her to the nearest gas station. 
She identified him as the man who was waiting in an area at the back of
the courtroom.  A truck driver,
apparently the man she identified in court, testified that on the afternoon of
April 14, 2004, he saw a woman exit a moving pickup near the intersection of
Interstate 30 and Loop 12 in Dallas.  He
took the woman to the nearest service station for help. 








Appellant=s
pretrial confession was admitted at trial. 
In it, Appellant stated that on April 14, he carjacked a woman at a
Carnival grocery store in Fort Worth and drove the woman=s pickup
east on Interstate 30.  Near the
intersection of Interstate 30 and Loop 12 in Dallas, the woman jumped from the
moving vehicle.  With minor differences,
the complainant and Appellant gave basically the same account of the
events.  Based on the appropriate
standards of review,[2]
we hold that the evidence is legally and factually sufficient to support the
convictions.  We overrule Appellant=s third
issue.       

In his
second issue, Appellant contends that the trial court erred by overruling his
motion to suppress his statement. 
Specifically, Appellant contends that his statement was involuntary and
that a review of the entire record will indicate that Appellant was deceived
into believing that he would help himself by confessing.  The State contends that the trial testimony
cited by Appellant is irrelevant to our inquiry, which should focus on the evidence
admitted before the ruling on the suppression issue.








In
determining whether a trial court=s
decision is supported by the record, we generally consider only evidence
adduced at the suppression hearing because the ruling was based on it rather
than evidence introduced later.[3]  But this general rule is inapplicable in
cases such as these when the parties consensually relitigated the suppression
issue during the trial on the merits.[4]  If the State raised the issue at trial either
without objection or with subsequent participation in the inquiry by the
defense, the defendant is deemed to have elected to re‑open the evidence,
and we may consider the relevant trial testimony in our review.[5]









While
Appellant correctly points out that the officer testified that Appellant had
been Aglad to
get this [the confession] over with@ and had
wanted to get it Aoff his chest,@ there
is no hint of a promise, explicit or implied, made to induce the confession.[6]  Furthermore, while Appellant states that he
was not provided food until after the statement was taken because the detective
did not usually interrupt an interview for food, the record shows that the
interview took less than three hours and that the police got Appellant food
when he said he was hungry.  There is no
evidence that law enforcement deprived Appellant of food, much less evidence
that such deprivation contributed to his giving his statement.[7]  We hold that the trial court did not err by
denying Appellant=s motion to suppress and
overrule his second issue.

In his
first issue, Appellant contends that the trial court abused its discretion by
declining to poll the jury to determine if any juror had been influenced by a
newspaper article published on the day that the guilt phase ended and the
punishment phase began and also contends that the trial court=s
refusal constitutes harmful error.  We
note that Appellant did not submit evidence to the trial court, in a juror
affidavit submitted with a motion for new trial or otherwise, showing that any
juror read or was influenced by the article; nor does he cite any authority for
the proposition that we should presume harm. 








As
Appellant concedes, the Texas Court of Criminal Appeals has already held in Powell
v. State that a trial court does not abuse its discretion by refusing to
poll the jury regarding the influence of a recent newspaper article.[8]  Appellant argues that Powell should be
overruled.  This court is bound by the
precedent of the Texas Court of Criminal Appeals and has no authority to
disregard or overrule  it.[9]   Additionally, as the State points out, the Powell
court explained its holding,

[T]he trial court was
faced with a decision: it could either deny appellant=s request for a jury poll
. . . , or it could grant appellant=s request, poll the jury, and risk exposing the
jury to the existence of the article and its contents for the first time.  We believe the trial court decided
correctly.  By refusing to poll the jury
about the . . . article, and by reiterating its admonishments, the trial court
did its best, under the circumstances, to preserve the integrity of the jury
panel.[10]

  

In the
case before us, the trial court admonished the jury several times to avoid
media coverage of the matter before denying the request for a jury poll.  The trial court also admonished the jury to
avoid media coverage at least twice after denying the request for a jury
poll.  Consequently, following Powell,
we hold that the trial court did not abuse its discretion by declining to poll
the jury.  We overrule Appellant=s first
issue.








In Appellant=s fourth
issue, he contends that the trial court erred by admitting Debbie Benningfield=s
testimony during the punishment phase that Appellant=s
fingerprint taken in April 2004 matched the fingerprint lifted from the
complainant=s pickup because Ano
hearing was held to determine the validity of Benningfield=s
qualifications, theories, or conclusions regarding forensics and the science
behind fingerprint identification.@  To preserve error, a party must continue to
object each time the objectionable evidence is offered.[11]  A trial court=s erroneous
admission of evidence will not require reversal when other such evidence was
received without objection, either before or after the complained-of ruling.[12]  Appellant did not object to
Benningfield=s testimony that his fingerprint
taken the day of her testimony matched the fingerprint lifted from the
complainant=s pickup.  Appellant has therefore failed to preserve
his complaint.  We overrule his fourth
issue.








Having overruled all of
Appellant=s issues, we affirm the trial
court=s
judgments.

                                                                PER
CURIAM

PANEL F:    DAUPHINOT,
LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 31, 2008

 

 











[1]See Tex. R. App. P.
47.4.





[2]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing legal
sufficiency standard of review); Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (all
providing factual sufficiency standard of review).





[3]See Gutierrez v. State, 221 S.W.3d 680, 687
(Tex. Crim. App. 2007); Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim.
App.), cert. denied, 519 U.S. 1043 (1996).  





[4]Gutierrez,
221 S.W.3d at 687; Rachal, 917 S.W.2d at 809.





[5]Rachal, 917
S.W.2d at 809.





[6]See Martinez
v. State, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).





[7]See Chambers v. State, 866 S.W.2d 9, 20 (Tex. Crim. App. 1993) (ALack of
sleep or food alone[] will not render appellant=s confession involuntary.@), cert.
denied, 511 U.S. 1100 (1994).      





[8]898 S.W.2d 821, 828 (Tex. Crim. App. 1994), cert.
denied, 516 U.S. 991 (1995).





[9]Sierra v. State,
157 S.W.3d 52, 60 (Tex. App.CFort Worth 2004), aff=d,  218 S.W.3d 85
(Tex. Crim. App. 2007).





[10]Powell, 898
S.W.2d at 828.





[11]Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim.
App.), cert. denied, 528 U.S. 1026 (1999); Ethington v. State,
819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).





[12]Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803
S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259
(1991), overruled on other grounds by Heitman v. State, 815 S.W.2d 681
(Tex. Crim. App. 1991).