COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-253-CR

NO. 2-06-254-CR

CLAUDIO ALBERTO DIAZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Claudio Alberto Diaz of aggravated kidnapping and aggravated robbery and assessed his punishment at eighty years’ confinement and sixty years’ confinement respectively.  The trial court sentenced Appellant accordingly, with the sentences to run concurrently.  In four issues, Appellant contends that the evidence is insufficient to support the verdicts, that the trial court erred by overruling his motion to suppress and by admitting expert testimony, and that the trial court abused its discretion by declining to poll the jury to determine whether any juror had been influenced by a newspaper article.  Because we hold that the evidence is legally and factually sufficient to support the verdicts and that the trial court did not err, we affirm the trial court’s judgments. 

In his third issue, Appellant contends that the evidence is legally and factually insufficient to support the verdicts because the complainant could not identify him from a photospread and did not identify him at trial.  He does not challenge the sufficiency of the evidence on any other ground. 

The complainant testified that on April 14, 2004, a man carjacked her at knifepoint at a Carnival grocery store in Fort Worth and drove her pickup, with her inside, east on Interstate 30.  When they got near the Loop 12 exit in Dallas, she jumped out of her moving pickup, and a man stopped, picked her up, and took her to the nearest gas station.  She identified him as the man who was waiting in an area at the back of the courtroom.  A truck driver, apparently the man she identified in court, testified that on the afternoon of April 14, 2004, he saw a woman exit a moving pickup near the intersection of Interstate 30 and Loop 12 in Dallas.  He took the woman to the nearest service station for help. 

Appellant’s pretrial confession was admitted at trial.  In it, Appellant stated that on April 14, he carjacked a woman at a Carnival grocery store in Fort Worth and drove the woman’s pickup east on Interstate 30.  Near the intersection of Interstate 30 and Loop 12 in Dallas, the woman jumped from the moving vehicle.  With minor differences, the complainant and Appellant gave basically the same account of the events.  Based on the appropriate standards of review,
(footnote: 2) we hold that the evidence is legally and factually sufficient to support the convictions.  We overrule Appellant’s third issue. 

In his second issue, Appellant contends that the trial court erred by overruling his motion to suppress his statement.  Specifically, Appellant contends that his statement was involuntary and that a review of the entire record will indicate that Appellant was deceived into believing that he would help himself by confessing.  The State contends that the trial testimony cited by Appellant is irrelevant to our inquiry, which should focus on the evidence admitted before the ruling on the suppression issue.

In determining whether a trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.
(footnote: 3)  
But this general rule is inapplicable in cases such as these when the parties consensually relitigated the suppression issue during the trial on the merits.
(footnote: 4)  If the State raised the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant is deemed to have elected to re-open the evidence, and we may consider the relevant trial testimony in our review.
(footnote: 5) 

While Appellant correctly points out that the officer testified that Appellant had been “glad to get this [the confession] over with” and had wanted to get it “off his chest,” there is no hint of a promise, explicit or implied, made to induce the confession.
(footnote: 6)  Furthermore, while Appellant states that he was not provided food until after the statement was taken because the detective did not usually interrupt an interview for food, the record shows that the interview took less than three hours and that the police got Appellant food when he said he was hungry.  There is no evidence that law enforcement deprived Appellant of food, much less evidence that such deprivation contributed to his giving his statement.
(footnote: 7)  We hold that the trial court did not err by denying Appellant’s motion to suppress and overrule his second issue.

In his first issue, Appellant contends that the trial court abused its discretion by declining to poll the jury to determine if any juror had been influenced by a newspaper article published on the day that the guilt phase ended and the punishment phase began and also contends that the trial court’s refusal constitutes harmful error.  We note that Appellant did not submit evidence to the trial court, in a juror affidavit submitted with a motion for new trial or otherwise, showing that any juror read or was influenced by the article; nor does he cite any authority for the proposition that we should presume harm. 

As Appellant concedes, the Texas Court of Criminal Appeals has already held in 
Powell v. State
 that a trial court does not abuse its discretion by refusing to poll the jury regarding the influence of a recent newspaper article.
(footnote: 8)  Appellant argues that 
Powell
 should be overruled.  This court is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule  it.
(footnote: 9)   Additionally, as the State points out, the 
Powell
 court explained its holding,

[T]he trial court was faced with a decision: it could either deny appellant’s request for a jury poll . . . , or it could grant appellant’s request, poll the jury, and risk exposing the jury to the existence of the article and its contents for the first time.  We believe the trial court decided correctly.  By refusing to poll the jury about the . . . article, and by reiterating its admonishments, the trial court did its best, under the circumstances, to preserve the integrity of the jury panel.
(footnote: 10)
  

In the case before us, the trial court admonished the jury several times to avoid media coverage of the matter before denying the request for a jury poll.  The trial court also admonished the jury to avoid media coverage at least twice after denying the request for a jury poll.  Consequently, following 
Powell
, we hold that the trial court did not abuse its discretion by declining to poll the jury.  We overrule Appellant’s first issue.

In Appellant’s fourth issue, he contends that the trial court erred by admitting Debbie Benningfield’s testimony during the punishment phase that Appellant’s fingerprint taken in April 2004 matched the fingerprint lifted from the complainant’s pickup because “no hearing was held to determine the validity of Benningfield’s qualifications, theories, or conclusions regarding forensics and the science behind fingerprint identification.”
  To preserve error, a party must continue to object each time the objectionable evidence is offered.
(footnote: 11)  A trial court’s erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.
(footnote: 12)  
Appellant did not object to Benningfield’s testimony that his fingerprint taken the day of her testimony matched the fingerprint lifted from the complainant’s pickup.  Appellant has therefore failed to preserve his complaint.  We overrule his fourth issue.

Having overruled all of Appellant’s issues, we affirm the trial court’s judgments.

 PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 31, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Clayton v. State
, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (all providing factual sufficiency standard of review).

3:
See Gutierrez v. State
, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007);
 Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).  

4:
Gutierrez
, 221 S.W.3d at 687; 
Rachal
, 917 S.W.2d at 809.

5:
Rachal
, 917 S.W.2d at 809.

6:
See
 
Martinez v. State
, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).

7:
See Chambers v. State
, 866 S.W.2d 9, 20 (Tex. Crim. App. 1993) (“Lack of sleep or food alone[] will not render appellant’s confession involuntary.”), 
cert. denied
, 511 U.S. 1100 (1994). 

8:
898 S.W.2d 821, 828 (Tex. Crim. App. 1994), 
cert. denied
, 516 U.S. 991 (1995).

9:
Sierra v. State
, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), 
aff’d
,  218 S.W.3d 85 (Tex. Crim. App. 2007).

10:
Powell
, 898 S.W.2d at 828.

11:
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).

12:
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson
 
v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991),
 overruled on other grounds by Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991).