COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-08-207-CR

 

 

EX PARTE

 

NGUYEN NHAT NGUYEN

 

                                              ------------

 

           FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Nguyen Nhat Nguyen appeals the denial of habeas corpus relief.  Because the trial court did not err by
denying habeas relief, we affirm the trial court=s order.








Appellant,
who was born in Vietnam and is a permanent resident alien, pled guilty to
sexual assault pursuant to a plea bargain agreement.  The trial court placed him on deferred
adjudication community supervision for four years.  The community supervision expired in
1998.  Appellant later filed an
application for writ of habeas corpus, arguing that his plea of guilty and the
subsequent deferred community supervision order should be vacated and set aside
because his plea was not entered voluntarily, freely, and knowingly.  He also argued that he was denied effective
assistance of counsel at trial because counsel failed to investigate the facts
of the case and then raise appropriate mitigating and exculpatory evidence and
circumstances to show that Appellant was innocent of the charges pending
against him, falsely advised him that there would be no immigration
consequences associated with his plea or his community supervision based on his
foreign citizenship, and did not advise him of the sex offender registration
requirement or insist on a translator for the guilty plea and community
supervision proceedings.

Appellant
also argued that he was denied due process of law because the trial court did
not advise him of the sex offender registration requirement or provide a
translator for the guilty plea and community supervision proceedings.  He also argued that his plea was involuntary
because the Vienna Consular Convention was violated.








The
trial court adopted the State=s
proposed findings of fact and conclusions of law, and they are included in the
record.  The trial court found that,
before accepting Appellant=s plea,
the trial court admonished him that if he was not a citizen of the United
States, a plea of guilty or nolo contendere for the offense charged might
result in his deportation, exclusion from admission to this country, or denial
of naturalization under federal law.  The
trial court also found that Appellant had signed that he had reviewed the
admonishments with his attorney and that he understood them.  The court also found that at the time
Appellant entered his guilty plea in 1993, deferred adjudication was not a
final conviction for deportation purposes[2]
and that Appellant was not admonished regarding the potential sexual offender
registration consequences of his guilty plea because at the time he entered his
plea, there was no sexual offender registration requirement for deferred
adjudication.  The requirement that the
trial court admonish a defendant regarding sexual offender registration
consequences did not become effective until September 1, 1999.[3]

The
trial court also found that trial counsel had found Appellant to be competent
in the English language and that the record does not demonstrate that Appellant
did not understand English.  Appellant
immigrated to the United States as a child, and by the time he entered his plea
of guilty, he had lived and worked in this country for some time.








The
trial court also found that trial counsel did not improperly fail to advise
Appellant of the immigration and sex offender registration consequences of his
deferred adjudication because, at the time Appellant entered his guilty plea,
deferred adjudication was not a final conviction for deportation purposes,[4]
and there was no sex offender registration requirement for deferred
adjudication.[5]  The trial court found that trial counsel=s
representation of Appellant did not constitute deficient performance under the
guarantees of the Sixth Amendment.[6]  The trial court found that Appellant
knowingly and voluntarily entered his guilty plea to the sexual assault offense
and that Appellant presented no evidence to explain how any violation of the
Vienna Consular Convention violated his individual due process rights.[7]








The
trial court also made conclusions of law. 
He concluded that the application for writ of habeas corpus Appellant
filed was proper,[8]
that Appellant had no United States or Texas due process right to be informed
of collateral consequences of a criminal proceeding, including the possibility
of deportation,[9]
and that Appellant received the proper admonishments and was fully admonished
regarding deportation consequences of his guilty plea.[10]  He also concluded that Appellant had failed
to prove an ineffective assistance claim,[11]
that the trial court could not be deemed to have violated Appellant=s due
process rights by not anticipating a change in the law six years in advance,[12]
and that Appellant is not entitled to relief based on any failure to understand
the consequences of his plea and, in particular, the possibility of deportation
or sex offender registration.








The
trial court also concluded as a matter of law that the fact that a defendant
may be more fluent in another language does not require the appointment of a
translator and that a defendant who does not request a translator waives the
right to complain on appeal unless the record otherwise demonstrates his lack
of understanding of the proceedings.[13]  The trial court found that the record does
not demonstrate that Appellant did not understand English and concluded as a
matter of law that the trial court=s
failure to sua sponte appoint a translator did not render Appellant=s guilty
plea involuntary and that Appellant knowingly and voluntarily entered his
guilty plea.

In
addressing the question of the Vienna Convention on Consular Relations, the
trial court concluded as a matter of law that the Vienna Consular Convention
does not provide individual due process rights; rather the Vienna Consular
Convention is an international treaty that governs relations between individual
nations and foreign consular officials.[14]  The trial court held that any violation of
the Vienna Consular Convention by law enforcement or the trial court did not
violate Appellant=s individual due process rights.

The
Texas Court of Criminal Appeals has explained,








A guilty
plea constitutes a waiver of three constitutional rights:  the right to a jury trial, the right to
confront one=s accusers, and the right not to
incriminate oneself.  Accordingly, a
guilty plea, to be consistent with due process of law, must be entered
knowingly, intelligently, and voluntarily. 
To be Avoluntary,@ a
guilty plea must be the expression of the defendant=s own
free will and must not be induced by threats, misrepresentations, or improper
promises.  A defendant=s sworn
representation that his guilty plea is voluntary Aconstitute[s]
a formidable barrier in any subsequent collateral proceedings.@ 

An applicant seeking
habeas corpus relief on the basis of an involuntary guilty plea must prove his
claim by a preponderance of the evidence. 
An applicant=s delay in seeking habeas
corpus relief may prejudice the credibility of his claim.  An appellate court reviewing a trial court=s ruling on a habeas
claim must review the record evidence in the light most favorable to the trial
court=s ruling and must uphold
that ruling absent an abuse of discretion.[15]

 

Based on
our review of the record of the original hearing, we find nothing in the record
contrary to the trial court=s
recitation of the facts.  Further, based
on our review of the law and the record, we cannot say that the trial court
abused its discretion by denying Appellant habeas corpus relief.  We therefore affirm the trial court=s denial
of relief.

PER
CURIAM

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
September 25, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Moosa v. INS, 171
F.3d 994, 1001 (5th Cir. 1999) (noting that the federal deportation law changed
effective April 1, 1997).





[3]See Mitschke v. State, 129 S.W.3d 130, 133
(Tex. Crim. App. 2004).





[4]See Moosa, 171 F.3d
at 1001.





[5]See Mitschke, 129 S.W.3d at 133.





[6]See Strickland v.
Washington, 466 U.S. 668, 687B90, 694, 104 S. Ct. 2052, 2064B66, 2068 (1984); Thompson
v. State, 9 S.W.3d 808, 812B14 (Tex. Crim. App. 1999).





[7]See Sierra v. State, 218 S.W.3d 85, 86B87 (Tex. Crim. App.
2007).





[8]See Tex. Code Crim. Proc.
Ann. art. 11.072 (Vernon 2005).





[9]See United States v.
Banda, 1
F.3d 354, 355 (5th Cir. 1993); Ex parte Tovar, 901 S.W.2d 484, 486 (Tex.
Crim. App. 1995); see also State v. Jimenez, 987 S.W.2d 886, 888 (Tex.
Crim. App. 1999).





[10]See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2008).





[11]See Strickland, 466
U.S. at 687B90, 694, 104 S. Ct. at
2064B66, 2068; Thompson,
9 S.W.3d at 812B14.





[12]See Mitschke, 129 S.W.3d at 136 n.5.





[13]See Hernandez v. State, 986 S.W.2d 817, 822
(Tex. App.CAustin 1999, pet. ref=d).





[14]See Sierra, 218 S.W.3d at 86B87; Rocha v. State,
16 S.W.3d 1, 18B19 (Tex. Crim. App.
2000).





[15]Kniatt v. State, 206 S.W.3d 657, 664
(Tex. Crim. App. 2006) (citations omitted), cert. denied, 127 S. Ct. 667
(2006).