

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-207-CR

EX PARTE

NGUYEN NHAT NGUYEN

------------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Nguyen Nhat Nguyen appeals the denial of habeas corpus relief. Because the trial court did not err by denying habeas relief, we affirm the trial court's order.

Appellant, who was born in Vietnam and is a permanent resident alien, pled guilty to sexual assault pursuant to a plea bargain agreement. The trial court placed him on deferred adjudication community supervision for four years.

---

[1] *See* Tex. R. App. P. 47.4.

The community supervision expired in 1998. Appellant later filed an application for writ of habeas corpus, arguing that his plea of guilty and the subsequent deferred community supervision order should be vacated and set aside because his plea was not entered voluntarily, freely, and knowingly. He also argued that he was denied effective assistance of counsel at trial because counsel failed to investigate the facts of the case and then raise appropriate mitigating and exculpatory evidence and circumstances to show that Appellant was innocent of the charges pending against him, falsely advised him that there would be no immigration consequences associated with his plea or his community supervision based on his foreign citizenship, and did not advise him of the sex offender registration requirement or insist on a translator for the guilty plea and community supervision proceedings.

Appellant also argued that he was denied due process of law because the trial court did not advise him of the sex offender registration requirement or provide a translator for the guilty plea and community supervision proceedings. He also argued that his plea was involuntary because the Vienna Consular Convention was violated.

The trial court adopted the State's proposed findings of fact and conclusions of law, and they are included in the record. The trial court found that, before accepting Appellant's plea, the trial court admonished him that if

2

he was not a citizen of the United States, a plea of guilty or nolo contendere for the offense charged might result in his deportation, exclusion from admission to this country, or denial of naturalization under federal law. The trial court also found that Appellant had signed that he had reviewed the admonishments with his attorney and that he understood them. The court also found that at the time Appellant entered his guilty plea in 1993, deferred adjudication was not a final conviction for deportation purposes[2] and that Appellant was not admonished regarding the potential sexual offender registration consequences of his guilty plea because at the time he entered his plea, there was no sexual offender registration requirement for deferred adjudication. The requirement that the trial court admonish a defendant regarding sexual offender registration consequences did not become effective until September 1, 1999.[3]

The trial court also found that trial counsel had found Appellant to be competent in the English language and that the record does not demonstrate that Appellant did not understand English. Appellant immigrated to the United States as a child, and by the time he entered his plea of guilty, he had lived and worked in this country for some time.

---

[2] *See Moosa v. INS*, 171 F.3d 994, 1001 (5th Cir. 1999) (noting that the federal deportation law changed effective April 1, 1997).

[3] *See Mitschke v. State*, 129 S.W.3d 130, 133 (Tex. Crim. App. 2004).

The trial court also found that trial counsel did not improperly fail to advise Appellant of the immigration and sex offender registration consequences of his deferred adjudication because, at the time Appellant entered his guilty plea, deferred adjudication was not a final conviction for deportation purposes,[4] and there was no sex offender registration requirement for deferred adjudication.[5]  The trial court found that trial counsel's representation of Appellant did not constitute deficient performance under the guarantees of the Sixth Amendment.[6]  The trial court found that Appellant knowingly and voluntarily entered his guilty plea to the sexual assault offense and that Appellant presented no evidence to explain how any violation of the Vienna Consular Convention violated his individual due process rights.[7]

The trial court also made conclusions of law.  He concluded that the application for writ of habeas corpus Appellant filed was proper,[8] that Appellant had no United States or Texas due process right to be informed of collateral

---

[4] *See Moosa*, 171 F.3d at 1001.

[5] *See Mitschke*, 129 S.W.3d at 133.

[6] See *Strickland v. Washington*, 466 U.S. 668, 687–90, 694, 104 S. Ct. 2052, 2064–66, 2068 (1984); *Thompson v. State*, 9 S.W.3d 808, 812–14 (Tex. Crim. App. 1999).

[7] *See Sierra v. State*, 218 S.W.3d 85, 86–87 (Tex. Crim. App. 2007).

[8] *See* Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005).

4

consequences of a criminal proceeding, including the possibility of deportation,[9] and that Appellant received the proper admonishments and was fully admonished regarding deportation consequences of his guilty plea.[10] He also concluded that Appellant had failed to prove an ineffective assistance claim,[11] that the trial court could not be deemed to have violated Appellant's due process rights by not anticipating a change in the law six years in advance,[12] and that Appellant is not entitled to relief based on any failure to understand the consequences of his plea and, in particular, the possibility of deportation or sex offender registration.

The trial court also concluded as a matter of law that the fact that a defendant may be more fluent in another language does not require the appointment of a translator and that a defendant who does not request a translator waives the right to complain on appeal unless the record otherwise

---

[9] *See United States v. Banda*, 1 F.3d 354, 355 (5th Cir. 1993); *Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995); *see also State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).

[10] *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2008).

[11] *See Strickland*, 466 U.S. at 687–90, 694, 104 S. Ct. at 2064–66, 2068; *Thompson*, 9 S.W.3d at 812–14.

[12] *See Mitschke*, 129 S.W.3d at 136 n.5.

demonstrates his lack of understanding of the proceedings.[13] The trial court

found that the record does not demonstrate that Appellant did not understand

English and concluded as a matter of law that the trial court's failure to *sua*

*sponte* appoint a translator did not render Appellant's guilty plea involuntary and

that Appellant knowingly and voluntarily entered his guilty plea.

In addressing the question of the Vienna Convention on Consular

Relations, the trial court concluded as a matter of law that the Vienna Consular

Convention does not provide individual due process rights; rather the Vienna

Consular Convention is an international treaty that governs relations between

individual nations and foreign consular officials.[14] The trial court held that any

violation of the Vienna Consular Convention by law enforcement or the trial

court did not violate Appellant's individual due process rights.

The Texas Court of Criminal Appeals has explained,

A guilty plea constitutes a waiver of three constitutional rights: the
right to a jury trial, the right to confront one's accusers, and the
right not to incriminate oneself. Accordingly, a guilty plea, to be
consistent with due process of law, must be entered knowingly,
intelligently, and voluntarily. To be "voluntary," a guilty plea must
be the expression of the defendant's own free will and must not be

---

[13] *See Hernandez v. State*, 986 S.W.2d 817, 822 (Tex. App.—Austin
1999, pet. ref'd).

[14] *See Sierra*, 218 S.W.3d at 86–87; *Rocha v. State*, 16 S.W.3d 1,
18–19 (Tex. Crim. App. 2000).

induced by threats, misrepresentations, or improper promises. A defendant's sworn representation that his guilty plea is voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings."

An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim. An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion.[15]

Based on our review of the record of the original hearing, we find nothing in the record contrary to the trial court's recitation of the facts. Further, based on our review of the law and the record, we cannot say that the trial court abused its discretion by denying Appellant habeas corpus relief. We therefore affirm the trial court's denial of relief.

PER CURIAM

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 25, 2008

---

[15] *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citations omitted), *cert. denied*, 127 S. Ct. 667 (2006).