

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00247-CR

MARCUS EDWARD CLICK                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12270

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, appellant Marcus Edward Click appeals the trial court's judgment revoking his community supervision and sentencing him to ten years' confinement. We will affirm.

Click pleaded guilty to intoxication manslaughter, a second-degree felony, and a jury assessed his punishment at ten years' confinement and a $10,000 fine; the trial court then suspended imposition of the sentence of confinement

---

[1]*See* Tex. R. App. P. 47.4.

based on the jury's recommendation and placed Click on ten years' community supervision. *See* Tex. Penal Code Ann. § 49.08 (West 2011); *see also id.* § 12.33 (West 2011) (stating that the punishment range for a second-degree felony is two to twenty years' confinement and may include a fine not to exceed $10,000). Around a year later, the State filed a motion to revoke Click's community supervision, alleging that Click had failed to abstain from using alcohol. Click pleaded true to the allegation, and the trial court revoked his community supervision "based upon [his] plea and the evidence presented" and imposed the original ten-year sentence and $10,000 fine.

Click argues that the trial court erred by failing to admonish him about the range of punishment to which he was subject as a result of pleading true to the allegation in the State's motion, analogizing this to a failure to admonish a defendant who pleads guilty about the range of punishment to which he will be subjected during a trial's punishment phase. However, Click acknowledges that in *Gutierrez v. State*, the court of criminal appeals held that a trial court is only required to admonish a defendant of the punishment range before he or she pleads guilty to a felony offense and not before he or she pleads true in a revocation proceeding. 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) ("[I]n the context of revocation proceedings, the legislature . . . has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13."); *see also Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (stating that *Boykin v. Alabama*, 395 U.S. 238, 89

2

S. Ct. 1709 (1969), "clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment" to a defendant pleading guilty); *cf.* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West 2009 & Supp. 2014) (stating that before a trial court accepts a guilty plea or plea of nolo contendere, it shall admonish the defendant of the range of punishment attached to the offense).

We decline Click's invitation to contradict the court of criminal appeals's precedent; therefore, we overrule his sole issue and affirm the trial court's judgment. *See, e.g.*, *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on reh'g) (stating that this court "is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule" it), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007); *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.) ("The Court of Criminal Appeals is the highest tribunal on matters pertaining to the enforcement of criminal laws, and when it has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation.").

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 26, 2015