

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00105-CR

———————————————————

JARVIS FRANKLIN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1580073

---

Before Kerr, Birdwell, & Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In one point, Appellant Jarvis Franklin contends that the trial court erred by overruling his Confrontation Clause objection to an officer's testimony, which was admitted via Zoom. We agree that the trial court erred, but we hold that the error was harmless. We overrule Franklin's point and affirm the trial court's judgment.

## I.  BACKGROUND

Franklin entered a charge bargain in which he agreed to plead guilty to count one of the indictment (the murder of Karen Finney) in exchange for the State's dropping counts two (aggravated assault on a family member) and three (unlawful possession of a firearm by a felon) of the indictment. The indictment also included a habitual offender notice alleging a 2013 manslaughter conviction and a 2005 conviction for aggravated assault with a deadly weapon.

The parties had no agreement as to punishment. At the punishment hearing, the State introduced judgments showing Franklin's prior convictions for manslaughter and for aggravated assault with a deadly weapon. The trial court found the allegations true and sentenced Franklin to life imprisonment. *See* Tex. Penal Code Ann. § 12.42(d). Franklin appealed.[1]

---

[1]The trial court gave Franklin permission to appeal "as to sentence only." *See* Tex. R. App. P. 25.2(a)(2)(B).

## II.  ERROR

The Texas Court of Criminal Appeals requires a necessity finding in every case in which a defendant has raised a Confrontation Clause challenge to a witness testifying via a two-way video system.  *See Haggard v. State*, 612 S.W.3d 318, 325 (Tex. Crim. App. 2020).  In Franklin's case, the State offered no evidence regarding why it was necessary for Officer Ross McRee to testify via Zoom, and the trial court made no finding regarding necessity.  The State concedes this point in its brief.  We agree that the trial court erred.  *See id.*

## III.  WAIVER

The State, however, argues that Franklin waived his complaint because he did not brief how the error harmed him.  We disagree.

When, as here, constitutional error is involved, the error requires reversal unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.  Tex. R. App. P. 44.2(a); *Allison v. State*, 666 S.W.3d 750, 763 (Tex. Crim. App.), *cert. denied*, 144 S. Ct. 245 (2023); *Sandoval v. State*, 665 S.W.3d 496, 515 (Tex. Crim. App. 2022), *petition for cert. filed*, No. 23-5618 (U.S. Sept. 20, 2023).  And more specifically in the context of a denial of physical, face-to-face confrontation, the Texas Court of Criminal Appeals has written that the State, which benefited from the error, has the burden of persuasion to show that the error was harmless beyond a reasonable doubt.  *Haggard*, 612 S.W.3d at 328.  In short, constitutional error entails a rebuttable presumption of harm.  *See Clark v. State*,

No. 14-16-00396-CR, 2017 WL 4320005, at *8 (Tex. App.—Houston [14th Dist.] Sept. 28, 2017, pet. ref'd) (mem. op., not designated for publication) ("[The Rule 44.2(a)] standard creates a rebuttable presumption of harm."); *Casias v. State*, 36 S.W.3d 897, 900 (Tex. App.—Austin 2001, no pet.) ("In the event of constitutional error, Rule 44.2(a) effectively creates a rebuttable presumption of harm . . . .").[2]

As a matter of advocacy, we might question Franklin's failure to brief the harm issue. *See, e.g.*, *Pinkston v. State*, No. 02-22-00076-CR, 2023 WL 3017661, at *6 (Tex. App.—Fort Worth Apr. 20, 2023, pet. ref'd) (mem. op., not designated for publication); *Salinas v. State*, No. 02-18-00060-CR, 2019 WL 1574953, at 7 n.7 (Tex. App.—Fort Worth Apr. 11, 2019, pet. ref'd) (mem. op., not designated for publication). But when a party has no burden of persuasion, faulting the party for not carrying that burden is a non sequitur.[3]

---

[2]For the proposition that Franklin waived his complaint, the State relied on *Kapperman v. State*, No. 01-20-00127-CR, 2022 WL 3970081, at *27 (Tex. App.—Houston [1st Dist.] 2022), no pet.) (mem. op., not designated for publication). *Kapperman* relied on *Cardenas v. State*, a case involving charge error. 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). When *Cardenas* was decided, an appellant arguably had the burden of persuasion to show harm on charge error. *See Warner v. State*, 245 S.W.3d 458, 461–64 (Tex. Crim. App. 2008). But that is no longer true. *See id.* at 464; *see also Alcoser v. State*, 663 S.W.3d 160, 165 (Tex Crim. App. 2022); *Mayfield v. State*, 676 S.W.3d 244, 254 (Tex. App.—Fort Worth 2023, pet. ref'd).

[3]In *Sierra v. State*, we faulted an appellant for not briefing both error and harm and held that he waived his complaint. 157 S.W.3d 52, 64 (Tex. App.—Fort Worth 2004) (op. on reh'g), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). Error can be waived for lack of briefing. Thus, to the extent we faulted the appellant for not briefing harm, that statement was dictum.

In this case, Franklin has effectively relied on that presumption, and the State has argued against it. As shown below, the State has successfully rebutted the presumption and shown that the error is harmless.

## IV. HARM

### A. THE STANDARD OF REVIEW

When determining harm after a defendant's confrontation rights have been violated, factors to consider are (1) the importance of the witness's testimony in the prosecution's case, (2) whether the testimony was cumulative, (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, and (4) the overall strength of the prosecution's case. *See Allison*, 666 S.W.3d at 763–64; *Haggard*, 612 S.W.3d at 329.

In the context of the denial of physical confrontation, the harm analysis cannot include consideration of whether the witness's testimony would have been unchanged or whether the jury's assessment would not have been altered had the witness testified in the courtroom. *Haggard*, 612 S.W.3d at 328. Such an inquiry would involve pure speculation. *Id.* Rather, courts determine harm based on the remaining evidence. *Id.*

The emphasis of the harm analysis under Rule 44.2(a) is not on the propriety of the trial's outcome. *Allison*, 666 S.W.3d at 764. Put differently, the question is not whether the evidence supports the factfinder's verdict but whether it is likely that the constitutional error was a contributing factor in the factfinder's deliberations. *See id.* The question is whether the error adversely affected the process's integrity. *See id.*

5

## B. DISCUSSION

### 1. Cumulative, Corroborating Evidence Came in Elsewhere without Objection

The officer in question, McRee, testified via Zoom that while in jail, Franklin stabbed him in the neck with an unknown object. The injury did not require stitches.[4] Later, however, another witness—a psychologist who had visited Franklin and had performed psychological testing on him—testified that she was aware that while Franklin was incarcerated, he had committed six separate offenses for assault on a public servant or on a peace officer and that the offenses involved stabbing, punching, and threats. Consequently, the factfinder had evidence from a source other than Officer McRee that Franklin had engaged in violence against jailers while incarcerated. When comparable evidence comes in elsewhere without objection, any error in admitting the disputed evidence is harmless. *See Sanders v. State*, 422 S.W.3d 809, 818 (Tex. App.—Fort Worth 2014, pet. ref'd). Because comparable evidence was admitted elsewhere without objection, this suggests that the error relating to Officer McRee's testimony was harmless.[5] *See id.*

---

[4]Other than this incident, Officer McRee denied having any other problems with Franklin.

[5]The record shows that even before the punishment hearing, the trial court was aware that Franklin was having difficulties in jail. At the end of the hearing on Franklin's guilty plea, Franklin and the trial court had a brief dialogue about Franklin's staying out of trouble while incarcerated.

## 2. The Strength of the State's Case on Punishment and the Negligible Importance of Officer McRee's Testimony

The strength of the prosecutor's case on punishment was considerable. The murder itself involved Franklin's shooting Finney multiple times while she was in bed. Some of the gunshot wounds were to Finney's face and head and two were to her upper shoulder. Three of Finney's four children were in the house at the time.

And the murder was not Franklin's only violent offense. He had prior convictions for a second-degree-felony manslaughter and a second-degree-felony aggravated assault with a deadly weapon, a knife. In the manslaughter offense, which was originally charged as a murder, Franklin stabbed his mother's boyfriend to death. Officer McRee's stabbing, which did not even require stitches, paled in importance compared to the other evidence.

## 3. Ruling

Because the psychologist provided comparable evidence without objection corroborating Franklin's violence—including stabbing—while incarcerated, and because Officer McRee's testimony was but one small piece in a much larger puzzle, we hold that the error in admitting Officer McRee's testimony was harmless and overrule Franklin's sole issue. *See Allison*, 666 S.W.3d at 763-64; *Haggard*, 612 S.W.3d at 329.

## V. CONCLUSION

Having overruled Franklin's issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  March 7, 2024