

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00359-CR
_____

NATHANIEL DAVID JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 33rd District Court
Llano County, Texas
Trial Court No. CR7845, Honorable J. Allan Garrett, Presiding

March 20, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In exchange for dismissal of four of five counts of possession of child pornography, Appellant, Nathaniel David Jones, pleaded guilty to and was convicted of one count.[1] Punishment was assessed at ten years' confinement, suspended in favor of ten years' community supervision, and a $1,000 fine.[2] In addition to the usual terms and conditions of supervision, Appellant was required to comply with supplemental terms and conditions

---

[1] TEX. PENAL CODE ANN. § 43.26(d).

[2] As part of the plea agreement, Counts II through V were abandoned by the State and dismissed.

applicable to sex offenders. Less than a year after being placed on community supervision, the State filed a motion to revoke, which was amended twice, alleging Appellant failed to comply with numerous conditions of the usual and supplemental conditions.[3] At a hearing on the State's allegations, Appellant pleaded "not true" and the trial court heard evidence of violations of the usual and supplemental conditions, revoked Appellant's community supervision, and sentenced him to ten years' confinement.

By a sole issue, Appellant maintains his due process rights, specifically his Fifth and Fourteenth Amendment rights, were violated by the trial court's failure to hold a preliminary and final revocation hearing before revoking his community supervision.[4] The State contends Appellant failed to preserve his complaint for review and even if preserved, no violation of his due process rights occurred. We agree with the State.

## BACKGROUND

According to expert testimony, Appellant is a high functioning autistic individual.[5] His supervision officer testified she reviewed the usual and supplemental conditions of community supervision with Appellant, and he acknowledged them. The officer testified

---

[3] The State points out the amended motions were erroneously entitled "Requests for Adjudication" but are in fact motions to revoke.

[4] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[5] A psychologist, who is not licensed to practice in Texas, testified remotely that Appellant, although high functioning, is unable to understand other people's thoughts, feelings, or ideas. However, he explained that through an educational approach such as "overlearning," an autistic individual can be treated to comprehend law and rules that must be followed.

The supervision officer testified she has other clients who are on the spectrum and evaluates their treatment based on the recommendations of a psychologist.

Appellant committed multiple violations of the conditions thereof. According to her testimony, Appellant admitted to certain violations and self-reported others. The State also presented evidence of other violations, including proof of violations of some of the supplemental conditions imposed on Appellant as a sex offender.

**ANALYSIS**

Appellant's sole complaint is that his due process rights were violated by the trial court's failure to hold a preliminary hearing before the revocation hearing. We disagree.

Initially, we note that preservation of error is a systemic requirement that a first-tier appellate court is required to address. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). A complaint of a due process violation requires preservation in the trial court lest it be forfeited on appeal. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *Vanhoose v. State*, Nos. 03-17-00259-CR, 03-17-00530-CR, 2019 Tex. App. LEXIS 1418, at *6 n.3 (Tex. App.—Austin Feb. 27, 2019, pet. ref'd) (mem. op., not designated for publication). Appellant did not object or otherwise complain during the revocation hearing that his due process rights were being violated. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Although not preserved, Appellant's due process argument can be succinctly resolved. *See Whisenant v. State*, 557 S.W.2d 102, 104–05 (Tex. Crim. App. 1977) (recognizing that procedure for revocation in Texas is different than in *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 656 (1973), and holding due process rights were not violated where probationer did not receive a preliminary hearing). *See also Tapia v. State*, 462 S.W.3d 29, 41–42 (Tex. Crim. App. 2015).

3

While Appellant acknowledges the holding in *Whisenant*, he requests this Court overrule or modify that decision. He presents what he calls a "good faith" argument that *Whisenant* was wrongfully decided. He advocates, at a minimum, for a preliminary hearing in cases where the defendant suffers from a classified mental disorder, i.e., autism or bipolar disorder, before holding a revocation hearing.

Despite his argument that *Whisenant* was wrongfully decided, this Court has no authority to disregard precedent from the Court of Criminal Appeals and is bound to follow such precedent. *See Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007); *Martinez v. State*, No. 03-08-00611-CR, 2009 Tex. App. LEXIS 6528, at *6 (Tex. App.—Austin Aug. 21, 2009, no pet.) (mem. op., not designated for publication); *Bolen v. State*, 321 S.W.3d 819, 828 (Tex. App.—Amarillo 2010, pet. ref'd). We decline to overrule or modify *Whisenant* and conclude the trial court did not abuse its discretion in revoking Appellant's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (holding proof of a single violation is sufficient to support revocation). Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

4