02-09-341-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-341-CR

 

 


 
 
 MARK AARON THOMAS
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 297TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

A jury
found appellant Mark Aaron Thomas guilty of aggravated robbery with a deadly
weapon and found true the indictment’s repeat offender notice.  The jury assessed punishment at thirty-seven
years’ confinement, and the trial court sentenced Thomas accordingly.  In two points, Thomas complains that the 








jury
charge on punishment violated his due process and due course of law rights and
that his punishment is cruel and unusual. 
We will affirm.

II.  Background

On July
16, 2007, Douglas Fields, Derek Williams, and Will Winston were working at a
computer store.  According to the
testimony of Fields and Williams, Thomas entered the store, pulled a stocking
cap down over his face, pulled a handgun from his waist, and announced, “[T]his
is a robbery.”  Thomas apparently became
distracted during the event, and Fields was able to subdue Thomas.  Thomas was restrained until the police
arrived, and the police arrested Thomas. 
The police recovered a handgun, which Fields and Williams testified was
the weapon Thomas displayed during the robbery.

Thomas
testified that he had gone to the store with his cousin because someone at the
store owed his cousin money.  By Thomas’s
account, a dispute between his cousin and Fields broke out.  Thomas said that he stepped in to break up
the dispute but that Fields assaulted him. 
Thomas denied that the pistol the police found was his.  He also denied ever bringing a pistol into
the store.  The jury found Thomas guilty.

At
punishment, the jury charge contained language authorized by statute regarding
good conduct time for Texas prison inmates. 
See Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp.
2009).  Thomas did not object to the jury
charge.  Thomas also did not object to
the jury’s sentence as being cruel and unusual. 
This appeal followed.

III.  Discussion

A.      Jury Charge on Punishment

In his first point, Thomas
argues that the jury charge on punishment violates his due process clause
rights under the federal constitution and the due course of law provision under
the Texas Constitution because it “sows confusion in the minds of the jury”
concerning his potential possibility of receiving good conduct time while in
prison.  See U.S. Const. amend. XIV,
§ 1; Tex. Const. art. I, § 19.

Thomas
acknowledges that the jury instruction tracked article 37.07, section 4 of the
Texas Code of Criminal Procedure, but he argues that the instruction
nevertheless violates the due process clause and the due course of law
provisions because he was ineligible to receive good conduct time credit.  See Tex. Code Crim. Proc. Ann. art.
37.07, § 4 (Vernon Supp. 2009) (requiring jury instruction during the
punishment phase to inform jury of existence and mechanics of parole law and
good conduct time).  Thomas also
acknowledges that the court of criminal appeals has directly addressed this
issue and found no violation of due process or due course of law.  See Luquis v. State, 72 S.W.3d 355,
363–64 (Tex. Crim. App. 2002).  He
contends, however, that he brings his complaint “to preserve the issue for
review.”

          In Luquis, the court of
criminal appeals acknowledged that the instruction dictated by the code of
criminal procedure may appear to be misleading and inapplicable to some
defendants.  Id. at 363.  Nevertheless, it construed article 37.07,
section 4 of the code of criminal procedure to be an absolute command that the
good conduct time instruction be given to the jury.  Id. 
Accordingly, a trial judge who gives the instruction does not commit
error.  Id.  The court also held that the required
instruction as a whole is not so misleading as to deny a defendant due process,
even when, like in Thomas’s case, a defendant is not eligible for release on
mandatory supervision.  Id. at
368.

          This court is bound by the precedent
of the Texas Court of Criminal Appeals and has no authority to disregard or
overrule it.  See Sierra v. State,
157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), aff’d, 218 S.W.3d 85
(Tex. Crim. App. 2007).  Accordingly,
following Luquis, we hold that the trial court’s charge did not violate
Thomas’s rights to due process and due course of law.  See Luquis, 72 S.W.3d at 363,
368; see also Sanders v. State, 255 S.W.3d 754, 765–66 (Tex. App.—Fort
Worth 2008, pet. ref’d) (following Luquis and noting that in Cagle v.
State, 23 S.W.3d 590, 594 (Tex. App.—Fort Worth 2000, pet. ref’d), our
court also determined that a jury charge like the one here does not violate a
defendant’s due process rights).  We
overrule Thomas’s first point.

          B.      Thomas’s Sentence

          In his second point, Thomas argues
that, given the facts of this case, the jury’s sentence of thirty-seven years’
confinement is cruel and unusual in violation of his Eighth Amendment rights
under the federal constitution.  See U.S. Const. amend.
VIII.  But Thomas never objected to the
excessiveness of his sentence at the time it was imposed, nor did he raise the
issue in a motion for new trial.  To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if those grounds are not apparent from the context of
the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court's refusal to rule. 
See Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).

Generally,
an appellant may not raise an error regarding his sentence where he failed to
object or raise the error in the trial court. 
Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986).  Thus,
Thomas did not preserve his excessiveness complaint on appeal because he did
not object to the trial court's sentence in the trial court.  See Kim v. State, 283 S.W.3d 473, 475 (Tex.
App.—Fort Worth 2009, pet. ref'd) (holding
that failure to raise excessiveness of sentence at punishment hearing or in
motion for new trial preserved nothing for review); Tipton v. State, No. 02-02-092-CR, 2003 WL 1564325, at *2 (Tex.
App.—Fort Worth March 27, 2003, pet. ref'd) (mem. op., not designated for
publication) (same).  We overrule
Thomas’s second point.

IV.  Conclusion

          Having overruled both of Thomas’s
points, we affirm the trial court’s judgment.

 

 

 

                                                                             
 
 
 
 
 
 
 
 BILL MEIER

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 WALKER, 
 
 
 
 
 
 MCCOY, and 
 
 
 
 
 
 MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 27, 2010











[1]See Tex. R. App. P. 47.4.