

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-341-CR

MARK AARON THOMAS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury found appellant Mark Aaron Thomas guilty of aggravated robbery with a deadly weapon and found true the indictment's repeat offender notice. The jury assessed punishment at thirty-seven years' confinement, and the trial court sentenced Thomas accordingly. In two points, Thomas complains that the

---

[1]*See* Tex. R. App. P. 47.4.

jury charge on punishment violated his due process and due course of law rights and that his punishment is cruel and unusual. We will affirm.

## II. BACKGROUND

On July 16, 2007, Douglas Fields, Derek Williams, and Will Winston were working at a computer store. According to the testimony of Fields and Williams, Thomas entered the store, pulled a stocking cap down over his face, pulled a handgun from his waist, and announced, "[T]his is a robbery." Thomas apparently became distracted during the event, and Fields was able to subdue Thomas. Thomas was restrained until the police arrived, and the police arrested Thomas. The police recovered a handgun, which Fields and Williams testified was the weapon Thomas displayed during the robbery.

Thomas testified that he had gone to the store with his cousin because someone at the store owed his cousin money. By Thomas's account, a dispute between his cousin and Fields broke out. Thomas said that he stepped in to break up the dispute but that Fields assaulted him. Thomas denied that the pistol the police found was his. He also denied ever bringing a pistol into the store. The jury found Thomas guilty.

At punishment, the jury charge contained language authorized by statute regarding good conduct time for Texas prison inmates. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp. 2009). Thomas did not object to the jury charge. Thomas also did not object to the jury's sentence as being cruel and unusual. This appeal followed.

2

### III. DISCUSSION

#### A. Jury Charge on Punishment

In his first point, Thomas argues that the jury charge on punishment violates his due process clause rights under the federal constitution and the due course of law provision under the Texas Constitution because it "sows confusion in the minds of the jury" concerning his potential possibility of receiving good conduct time while in prison. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19.

Thomas acknowledges that the jury instruction tracked article 37.07, section 4 of the Texas Code of Criminal Procedure, but he argues that the instruction nevertheless violates the due process clause and the due course of law provisions because he was ineligible to receive good conduct time credit. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp. 2009) (requiring jury instruction during the punishment phase to inform jury of existence and mechanics of parole law and good conduct time). Thomas also acknowledges that the court of criminal appeals has directly addressed this issue and found no violation of due process or due course of law. *See Luquis v. State*, 72 S.W.3d 355, 363–64 (Tex. Crim. App. 2002). He contends, however, that he brings his complaint "to preserve the issue for review."

In *Luquis*, the court of criminal appeals acknowledged that the instruction dictated by the code of criminal procedure may appear to be misleading and inapplicable to some defendants. *Id.* at 363. Nevertheless, it construed article

3

37.07, section 4 of the code of criminal procedure to be an absolute command that the good conduct time instruction be given to the jury. *Id.* Accordingly, a trial judge who gives the instruction does not commit error. *Id.* The court also held that the required instruction as a whole is not so misleading as to deny a defendant due process, even when, like in Thomas's case, a defendant is not eligible for release on mandatory supervision. *Id.* at 368.

This court is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule it. *See Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). Accordingly, following *Luquis*, we hold that the trial court's charge did not violate Thomas's rights to due process and due course of law. *See Luquis*, 72 S.W.3d at 363, 368; *see also Sanders v. State*, 255 S.W.3d 754, 765–66 (Tex. App.—Fort Worth 2008, pet. ref'd) (following *Luquis* and noting that in *Cagle v. State*, 23 S.W.3d 590, 594 (Tex. App.—Fort Worth 2000, pet. ref'd), our court also determined that a jury charge like the one here does not violate a defendant's due process rights). We overrule Thomas's first point.

## B.    Thomas's Sentence

In his second point, Thomas argues that, given the facts of this case, the jury's sentence of thirty-seven years' confinement is cruel and unusual in violation of his Eighth Amendment rights under the federal constitution. *See* U.S. Const. amend. VIII. But Thomas never objected to the excessiveness of his sentence at the time it was imposed, nor did he raise the issue in a motion for

4

new trial. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. *See* Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Generally, an appellant may not raise an error regarding his sentence where he failed to object or raise the error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). Thus, Thomas did not preserve his excessiveness complaint on appeal because he did not object to the trial court's sentence in the trial court. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that failure to raise excessiveness of sentence at punishment hearing or in motion for new trial preserved nothing for review); *Tipton v. State*, No. 02-02-092-CR, 2003 WL 1564325, at *2 (Tex. App.—Fort Worth March 27, 2003, pet. ref'd) (mem. op., not designated for publication) (same). We overrule Thomas's second point.

## IV. Conclusion

Having overruled both of Thomas's points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2010