

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00316-CR

| | | |
|---|---|---|
| James Haas | § | From the 362nd District Court |
| | § | of Denton County (F-2007-2129-D) |
| v. | § | January 31, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Ann Dauphinot



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00316-CR
### NO. 02-11-00317-CR

JAMES HAAS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant James Haas appeals the trial court's revocation of his deferred adjudication community supervision and decision to adjudicate his guilt in each case. Because the trial court did not abuse its discretion by revoking Appellant's community supervision or by adjudicating his guilt, we affirm the trial court's judgments.

---

[1]*See* Tex. R. App. P. 47.4.

In April 2008, Appellant James Haas received deferred adjudication community supervision on charges of tampering with physical evidence and possession of less than one gram of methamphetamine with intent to deliver. His conditions of community supervision included committing no new criminal offenses and paying a monthly supervision fee, a fine, court costs, restitution, and a one-time fee to the district clerk.

On January 28, 2010, the State filed a petition to proceed to adjudication in each case. The petitions, as later amended, asserted that Appellant had failed to make the required payments and had committed three new offenses: an October 31, 2009 offense of possession of a controlled substance in the amount of less than one gram; a February 16, 2010 offense of possession of a controlled substance in the amount of more than one gram but less than four grams; and fleeing from an officer with a vehicle.

The trial court held a hearing on the petitions to adjudicate, at which Appellant pled not true to the allegations of fleeing from an officer and the October 2009 possession of a controlled substance offense. Appellant pled true to all other allegations.

Denton County community supervision officer Rhett Wallace testified at the June 2011 hearing that Appellant had not made any of his payments for almost two years. The State introduced into evidence and the trial court admitted a judgment against Appellant for the February 16, 2010 possession of a controlled substance offense. Appellant admitted that he had been arrested on that charge

3

and had pled guilty. He stated, however, that the drugs had been planted in his car by his girlfriend.

Appellant also acknowledged that he had been arrested in October 2009 for possession of a controlled substance, but he was not indicted for that offense because a drug test indicated that the substance was not a drug. The State abandoned that allegation toward the end of the hearing.

Appellant further acknowledged that he had been arrested on August 23, 2010, for fleeing from a police officer after he ran from an officer who had asked for his driver's license. But Appellant testified that he had only run to hide in a nearby shed because the police officer was the boyfriend of a woman that Appellant formerly dated, and he was afraid for his safety.

The trial court found all allegations to be true except the allegation concerning the October 2009 possession offense. The trial court adjudicated Appellant guilty, revoked his community supervision, and sentenced him to six years' confinement in prison on the tampering with evidence charge and twenty months' confinement in a state jail facility for the possession of a controlled substance charge. Appellant now appeals.

In a single point, Appellant argues that the trial court erred by revoking his community supervision in each case in that the merits of the State's petitions to proceed to adjudication were determined under a burden of proof other than beyond a reasonable doubt. The State responds that Appellant did not preserve his complaint below. The State is correct that Appellant did not raise the issue of

4

the higher burden of proof in the trial court. Generally, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[2] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[3]

To the extent, however, that Appellant complains that the evidence was not sufficient to sustain what he considers the appropriate burden of proof, sufficiency of the evidence may be raised for the first time on appeal.[4] The burden of proof in a community supervision revocation is by a preponderance of the evidence.[5] Appellant invites us to reverse the Texas Court of Criminal Appeals and to declare that the appropriate burden of proof in a community supervision revocation case is proof beyond a reasonable doubt. But this court is

---

[2]Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.).

[3]Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

[4]*Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004); *see Moore v. State*, 371 S.W.3d 221, 226–27 (Tex. Crim. App. 2012) (holding challenge to cumulation order not forfeited for failure to raise at trial).

[5]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)).

bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule that binding precedent.[6]

Appellant entered a plea of not true to the allegations that he committed the offenses of fleeing from an officer with a vehicle and of possession of a controlled substance of more than one gram in October 2009. But he pled true to the allegation that he possessed a controlled substance in an amount of more than one gram but less than four grams in February 2010, and he also pled true to the allegations that he failed to pay fees, costs, and restitution. A plea of true to a single violation, standing alone, is sufficient to support revocation.[7] The trial court, therefore, did not abuse its discretion by revoking Appellant's deferred adjudication community supervision in either case. We therefore overrule Appellant's sole point on appeal in each case.

---

[6]*Hailey v. State*, No. 02-10-00247-CR, 2012 WL 4936655, at *25 (Tex. App.—Fort Worth Oct. 18, 2012, pet. filed); *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85, 88 (Tex. Crim. App. 2007).

[7]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

Having overruled Appellant's sole point, we affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 31, 2013